Vernice BURTON, Plaintiff,

v.

Richard S. SCHWEIKER,[1] Secretary of Health and Human Services, Defendant.

Civ. A. No. 80–1570.

United States District Court, W. D. Pennsylvania.

April 14, 1981.

Roger A. Lee, Southwestern Pa. Legal Aid Society, Inc., Washington, Pa., for plaintiff.

Philip P. O'Connor, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

This is an action brought under 42 U.S. C.A. § 405(g) to review the Secretary's final decision denying plaintiff Vernice Burton's claim for disability benefits under Title II of the Social Security Act. Both parties have filed motions for summary judgment; plaintiff in the alternative asks that this

1. This action originally named Secretary Harris as defendant. With the recent change in administrations, Secretary Harris has been succeeded by Secretary Schweiker. In this situa- tion, it is appropriate to make a substitution of the named defendant. The substitution of the named defendant is the only action that need be taken, 42 U.S.C. § 405(g).

case be remanded to the Secretary for further findings. After careful consideration of the record, this Court concludes that the Secretary's motion for summary judgment must be granted.

The plaintiff filed her present application for disability benefits on July 19, 1979. The Social Security Administration denied the application both initially and upon reconsideration. The plaintiff was granted a de novo hearing before an Administrative Law Judge (ALJ) in which she was represented by counsel. The ALJ concluded that plaintiff's impairment had not been disabling on or before June 30, 1973, the date on which she last met the special earnings requirement of the Act. This decision was upheld by the Appeals Council and thereby the Secretary finally denied the claim.

The plaintiff was born on January 31, 1930. She is a high school graduate and was last employed on a *full-time* basis by the telephone company as a maintenance and janitorial worker for approximately one year during 1969 and 1970. The last job she had was as a housekeeper in a private home. This job required that she work one full day a week cleaning house, scrubbing floors, washing windows, and doing other household chores. This employment lasted for a period of over one year and was terminated in 1973 because her employer moved away.

The plaintiff claims an inability to work since June 15, 1970 due to problems with her legs and balance. She testified that she began having problems with her legs about 1963. She complained of a weakness and unsteadiness in her legs that is accompanied with pain. The plaintiff testified that since 1970 she has been only able to walk one block, sit five or ten minutes and stand five or ten minutes. Dr. Albert Saloom, a general practitioner and the plaintiff's physician, reported that he had treated the plaintiff since 1963 for episodes of loss of equilibrium which first showed improvement but became worse in 1975. However, the plaintiff was not treated by Dr. Saloom for this or any related problems from 1965 to 1974. The medical evidence shows that the plaintiff was first hospitalized for this condition in 1975. When the plaintiff was hospitalized she underwent an extensive evaluation. The diagnosis was hysterical conversion reaction. Dr. Gerald Lisowitz, a specialist in psychiatry and neurology, reported that a diagnosis of conversion reaction appeared to be correct as a complete workup revealed no organic abnormality.

■ The Secretary's determination as to the status of a claim requires the correct application of the law to the facts. The court's power of inquiry into the process is limited to reviewing the decision for possible errors in the application of the relevant legal standard, 42 U.S.C.A. §§ 405(g), 423(a)(1)(D), and to making sure the Secretary's findings are supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3rd Cir. 1981). Substantial evidence is such evidence as a reasoning mind might accept as adequate to support a conclusion. *Id.* If the reviewing court determines that the Secretary's findings are supported by such evidence the findings must be accepted as conclusive. *Id.* Deference is to be given administrative decisions; however, the court when conducting its inquiry has the duty to review the entire record and to reverse or remand the Secretary's decision if it is not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968 (3rd Cir. 1981).

The issues raised by the plaintiff involve both of the aforementioned avenues of inquiry. They are: (1) the ALJ's findings are not supported by substantial evidence; (2) the ALJ has failed to make full and explicit findings; (3) the ALJ has failed to meet the burden of showing that substantial job opportunities exist in the economy that could be occupied by persons of plaintiff's background; (4) the ALJ erred in finding that the plaintiff was substantially gainfully employed while working one day a week as a housekeeper; and (5) the ALJ incorrectly applied the regulations. These five contentions will be discussed in reverse order.

In order to qualify for benefits, the plaintiff has the burden of establishing disability as defined by the Act. 42 U.S.C.A.

§ 423(d)(5); *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837 (3rd Cir. 1974). "The test for disability involves two major factors: (1) a determination of the extent of physical or mental impairment and (2) a determination as to whether that impairment results in an inability to engage in any substantial gainful activity". *Stancavage v. Celebreeze*, 323 F.2d 373, 377 (3rd Cir. 1963). With regard to the second element of this test the Secretary has adopted medical vocational regulations. These regulations require a five step sequential evaluation of disability claims. The proper application of this fifth step is disputed. The plaintiff maintains that the evaluating procedure prescribed therein was not complied with. The plaintiff maintains that her psychological condition i. e. hysterical conversion reaction, by definition, evidences a non-exertional impairment that would require a step five analysis that mandated inquiry into the non-exertional limitations as well as the exertional limitations of the affliction. This argument assumes that an abnormal psychological state is necessarily attended with non-exertional impairments. However, the record indicates that the plaintiff's condition has had only exertional manifestations. The word impairment must be given an operative meaning that exists beyond the mere nature of the affliction. The characterization of the disorder as being mental or physical is not dispositive of the issue as to what type of analysis is to be used in the fifth step; rather it is the evidence that suggests the existence of a kind of impairment that determines the approach. This case contains no evidence of non-exertional limitations that would require an approach different from that used by the ALJ.

■ The plaintiff's fourth argument can be dealt with summarily. The record does not indicate that the ALJ ever stated or implied he considered the plaintiff substantially gainfully employed while she worked as a housekeeper during 1972 and 1973. The fact that the plaintiff was so employed is an indication of what her physical condition and capabilities were at the time. The ALJ used it as such. The record does not

suggest that the ALJ based his decision solely upon this fact.

■ Once the plaintiff conclusively proves an inability to perform past jobs due to an impairment, the Secretary has an obligation to demonstrate the availability of jobs that the plaintiff has the functional and vocational capacity to perform. *Chicager v. Califano*, 574 F.2d 161 (3rd Cir. 1978). To meet this burden the Secretary has promulgated medical-vocational regulations. These regulations, 20 C.F.R. §§ 404.-1501–404.1539 (1979), and the tables contained in Subpart P, Appendix 2 are a distillation of the Secretary's vocational expertise, *Freeman v. Harris*, 509 F.Supp. 96 (D.S.C.1981). Incorporated within these regulations is extensive information from the same sources that a vocational expert would utilize and they were in fact designed to dispense with the need for vocational expert testimony. *Stallings v. Harris*, 493 F.Supp. 956 (W.D.Tenn.1980); *Boyce v. Harris*, 492 F.Supp. 751 (D.S.C. 1980). This Court determines that the use of the aforementioned regulations satisfies the Secretary's obligation and that the plaintiff's third contention is therefore without merit.

■ The last two issues raised by the plaintiff, the substantial evidence question and the full and explicit findings question, are interrelated. The ALJ must make full and explicit findings to enable the reviewing court to evaluate the basis of his decision. *Hargenrader v. Califano*, 575 F.2d 434 (3rd Cir. 1978). These findings delineate the evidence relied upon and explain why any evidence inconsistent with the ALJ's conclusion was rejected. *Id.*

■ The plaintiff's subjective assessment as to the debilitating nature of her condition due to pain and physical dysfunction is evidence inconsistent with the ALJ's conclusions. The record contains no contemporaneous medical evidence describing the plaintiff's condition as of June 30, 1973. The only testimony as to this critical time period is that given by the plaintiff. In her testimony she describes her physical capa-

bilities and her work-related activities at that time. The ALJ weighed her testimony concerning her housekeeping chores against her testimony of pain and limited physical movement and ultimately reached a conclusion of not disabled. This Court is satisfied that the plaintiff's testimony was adequately considered. The plaintiff also relies on Dr. Saloom's opinion that the plaintiff was disabled as of June 30, 1973. This reliance is misplaced. The only evidence supporting this contention is Dr. Saloom's affirmative response to a question on a form which asked, "Has she been suffering from a severe impairment since at least June 1, 1970?" Dr. Saloom had not seen the plaintiff from 1965 to 1974. The answer was unaccompanied by any explanation. This Court finds the determination of the Secretary to be supported by substantial evidence.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). An appropriate order shall issue.