**Idabelle HAYES, for Deborah Hayes, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.**

No. 80–1099.

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1981.

Decided July 24, 1981.

---

Harry J. Smith, Legal Services of Upper East Tennessee, Inc., John Vail, Johnson City, Tenn., for plaintiff-appellant.

John H. Cary, U. S. Atty., Knoxville, Tenn., J. Michael Haynes, Asst. U. S. Atty., Knoxville, Tenn., Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for defendant-appellee.

Before WEICK and MERRITT, Circuit Judges, and GILMORE,* District Judge.

MERRITT, Circuit Judge.

Plaintiff Deborah Hayes (represented in these proceedings by her mother, Idabelle Hayes) seeks review of the Secretary's decision to terminate supplemental security income benefits. Hayes is a 23-year-old woman who is diagnosed as suffering "borderline mental retardation" and "inadequate personality," and has never held a job. In August 1977 she was granted benefits, but in January 1979 she was informed that she was found as of December 1978 to be no longer disabled. After a hearing the administrative law judge affirmed the cessation of benefits in April 1979 (App. 8–16), which decision was adopted by the Appeals Council (App. 3–4). After reviewing the evidence, the Magistrate also recommended that the administrative law judge's decision be affirmed (Addendum to Plaintiff's Brief), and the district court did so. The administrative law judge considered the evaluation of Hayes by Stephen Fulmer, a clinical psychologist, conducted in November 1978. He found her to have an IQ of 68, to be in "adequate contact with reality," but to be insecure and unable to function in competitive employment unless she first underwent therapy and vocational training in a sheltered setting. He also considered the results of several days of testing Hayes underwent at the Tennessee Vocational Training Center in December 1978. There

* The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

her IQ was measured at 83, but as the Magistrate points out (in n.6), this result cannot be considered because the record does not reveal that the test was administered by qualified personnel, and because it fails to meet other testing requirements provided in the regulations. 20 C.F.R. Part 416, Subpart I, Appendix 1, § 12.00(B)(4).

■ In finding that Hayes was no longer disabled, the administrative law judge relied heavily upon the Vocational Center's report. He apparently thought this sufficient to outweigh the prior evaluations upon which the initial finding of disability was based. These were a report, dated September 18, 1975, from Dr. Marshall Hogan, a psychiatrist, who found that Hayes was borderline retarded with an IQ of 75 but had coherent speech and was "oriented in all spheres"; a report, dated October 24, 1975, from Sheldon Gelburd, a psychologist, who found Hayes insecure, unable to cope with normal social situations, and who pronounced a pessimistic short- and long-term prognosis; and a second letter, from September 1977, in which Gelburd basically repeated his earlier opinion and recommended that Hayes undergo psychotherapy and vocational training. We find that the evidence does not support the conclusion that termination of Hayes' benefits was proper because her condition had improved. To support the argument that the administrative law judge's conclusion was based upon substantial evidence, the Secretary quotes language out of context from Fulmer's November 1978 report that seems to reveal that Hayes' condition was less serious than when Gelburd interviewed her. This, however, ignores other statements by Fulmer that her condition had not changed since she had begun receiving benefits, and that he explicitly was making the same recommendation as had Gelburd in 1977 (which was the basis for a finding of disability at that time). In addition, the administrative law judge erred in holding that the Medical-Vocational Guidelines found at 20 C.F.R. Part 416, Subpart I, Appendix 2 mandate the conclusion that Hayes is not disabled. That section specifically states that "[t]he rules [found in the Appendix] do not direct

factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments." *Id.* at § 200.-00(e)(1). The mental impairments suffered by Hayes are nonexertional in character.

■ Finally, the Magistrate, in recommending affirmance, focused upon the Vocational Center's and Dr. Fulmer's reports that with training Hayes could engage in employment. He thought that because the disability was remediable it could not serve as a basis for benefits. The present case is not one in which that rule is properly applied, however, for the relevant statute and regulations provide that persons receiving benefits for this type of disability must accept vocational and rehabilitation services. 42 U.S.C. § 1382d; 20 C.F.R. § 416.-1701 *et seq.* While the person is undergoing the rehabilitation or vocational services he is still to receive the disability benefits; indeed acceptance of the services appears to be a prerequisite to his receipt thereof. To terminate benefits in the present case because the mandated therapy may at some time in the future remedy Hayes' impairments would violate the purpose and plain language of the statute and the regulations authorizing the provision of benefits during the period of such therapy.

Accordingly, the decision of the district court affirming the termination of benefits is reversed. The case is remanded to the district court with directions to remand to the Secretary for reinstatement of the benefits initially granted. The benefits are to be paid during the period in which Hayes undergoes the recommended therapy and vocational training. If at some time in the future the training is found to have been successful and Hayes' condition has improved, the Secretary may of course reevaluate the award in light of the changed circumstances.