**Heriberto VELAZQUEZ, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 8018 (RWS).**

United States District Court, S.D. New York.

June 19, 1984.

The Legal Aid Society, New York City, for plaintiff; Conrad A. Johnson, Attorney-in-Charge, Jon C. Dubin, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., for the Southern District of New York, New York City, for defendant; Donna H. Lieberman, Sp. Asst. U.S. Atty., Annette H. Blum, Regional Attorney—Region II, Michael Noorigan, Asst. Regional Atty., Dept. of Health & Human Services, New York City, of counsel.

## OPINION

SWEET, District Judge.

This is an action brought by Heriberto Velazquez ("Velazquez") pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final determination of the Secretary of Health and Human Services (the "Secretary") which terminated Velazquez' disability insurance benefits. Velazquez and the Secretary have cross-moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In view of the recent decision of the Court of Appeals in *DeLeon v. Secretary of Health and Human Services*, 734 F.2d 930 (2d Cir.1984), Velazquez' motion is granted, and the Secretary's decision terminating Velazquez' disability benefits is reversed. The Secretary is directed to resume payment of disability benefits to Velazquez and to pay all benefits due him since termination of payment in August 1982.

Velazquez is 40 years old and last worked in various positions as a copyboy, messenger and stockboy. He has not worked since 1976. Velazquez filed an application for disability insurance benefits on June 13, 1978, based on psychiatric and emotional problems. In August, 1978, the Secretary determined that Velazquez was disabled as a result of "schizophrenic reaction, chronic paranoid type," and entitled to disability insurance benefits. In June 1982, the Secretary determined that Velazquez' disability had ceased. In January 1983, Velazquez requested a hearing before an administrative law judge (the "ALJ") but waived his right to appear at the hearing. On February 28, 1983, the ALJ found that Velazquez' disability ceased in June 1982. The decision of the ALJ became the final decision of the Secretary when it was affirmed by the Appeals Council on August 29, 1983.

The Secretary is authorized to terminate a claimant's benefits if the claimant's disability has ceased. 42 U.S.C. § 425(a). Under the medical improvement standard recently adopted by the Second Circuit, "the Secretary may terminate benefits to a person previously judged to be disabled only upon substantial evidence that the individual's condition has improved to the point that he or she is no longer disabled, or that the initial finding of disability was erroneous." *DeLeon v. Secretary of Health and Human Services*, supra, at 936; *see also Kuzmin v. Schweiker*, 714 F.2d 1233 (3d Cir.1983); *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982); *Cassiday v. Schweiker*, 663 F.2d 745 (7th Cir.1981); *Hayes v. Secretary of Health, Education and Welfare*, 656 F.2d 204 (6th Cir.1981); *Finnegan v. Matthews*, 641 F.2d 1340 (9th Cir.1981); *Weber v. Harris*, 640 F.2d 176 (8th Cir.1981); *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996 (1st Cir.1975); *Rivas v. Weinberger*, 475 F.2d 255 (5th Cir.1973); *Mersel v. Heckler*, 577 F.Supp. 1400 (S.D.N.Y. 1984); *Romero v. Heckler*, 586 F.Supp. 840 (S.D.N.Y.1984).

The Secretary must compare the claimant's condition at the time of review with his or her condition at the time bene-

fits were granted. *DeLeon, supra,* at 936. The claimant, having once established that his or her condition is disabling, is entitled to a presumption that the condition remains disabling. *Id.* at 937. As the Third Circuit explained:

> Basic principles of fairness as well as the need to provide both the appearance and fact of consistency in the administrative process lead us to conclude that in a termination proceeding, once the claimant has introduced evidence that his or her condition remains essentially the same as it was at the time of the earlier determination, the claimant is entitled to the benefit of a presumption that his or her condition remains disabling. Such a presumption will help avoid the disconcerting picture presented by the triple administrative flip-flop in this case.

*Kuzmin v. Schweiker, supra,* 714 F.2d at 1237 (3d Cir.1983); *see also DeLeon, supra,* at 937; *Simpson v. Schweiker, supra,* 691 F.2d at 969 (11th Cir.1982).

In this case, the Secretary did not compare Velazquez' current condition with his condition at the time he was found disabled. Nor did any of the examining physicians document any change in his condition since 1978. The Secretary made no attempt to reconcile the 1982 diagnoses with the diagnoses of the reviewing physicians who four years earlier had concluded that Velazquez had a disabling psychiatric condition that met the severity of a listed impairment in 20 C.F.R. Subpart P, Appendix 1. The evidence in the record does not indicate that Velazquez' condition has improved to the point that he is no longer disabled or that the Secretary's initial finding of disability was erroneous. Accordingly, the Secretary has failed to rebut the presumption of continuing disability.

■ In a termination case such as this, where the Secretary has failed to meet the burden of the medical improvement standard, the principles of fairness and administrative consistency considered in *DeLeon* require a reversal rather than a remand of the Secretary's decision to spare the claimant the frustration and uncertainty of further administrative proceedings. *See Romero v. Heckler, supra,* at 847–48. In view of the presumption of continuing disability and the Secretary's failure to demonstrate medical improvement, the Secretary's decision is reversed and Velazquez is entitled to disability benefits from the date of termination, April 1, 1982.

**IT IS SO ORDERED.**