Santiago S. CASIANO, Jr., Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–3481.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 21, 1984.

Decided Oct. 22, 1984.

Rehearing Denied Dec. 5, 1984.

Anthony F. de la Pena, argued, Cleveland, Ohio, for plaintiff-appellant.

Kathleen Ann Sutula, argued, Asst. U.S. Atty., Cleveland, Ohio, for defendant-appellee.

Before MARTIN, JONES and CONTIE, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Santiago Casiano appeals from a decision by the Secretary of Health and Human Services to terminate his disability benefits, which was upheld by the district judge. He claims that he is still disabled and that the Secretary wrongfully terminated his benefits.

Casiano is a fifty-one-year-old man with a sixth-grade education. Prior to being declared disabled, Casiano worked as a machine operator, which required him to lift seven to ten pounds. Casiano suffered an injury to his left hand in 1950, and on March 7, 1977, he lacerated his right hand on broken glass.

The Secretary originally granted Casiano disability benefits on August 4, 1978, with his period of disability beginning on March 7, 1977. According to the Secretary, this grant of disability resulted from the injury to the plaintiff's right hand. Casiano asserts that he was awarded benefits due to psychological impairments as well as his hand injury. The administrative law judge, who granted the benefits, apparently did not make a finding as to the ground for disability, but he did place a medical reevaluation on Casiano's case, which requires continuing disability evaluation.

On September 22, 1979, Dr. Linda C. Cunanan examined Casiano in a regularly scheduled examination. She concluded that both of Casiano's hands had diminished pinpoint sensation but that his grip was good. On November 3, 1979, Casiano, at his own instigation, was examined by Dr. Carlos F. Cortes, a psychologist. Dr. Cortes found that plaintiff's intelligence was in the average range but that he suffered from a "basic neurotic personality

structure which renders the individual incapable and prevents him from facing up to the basic demands of life." Cortes concluded that "it would appear that the expectation of changes without a long and intense psychotherapeutic intervention, may prove to be unrealistic." On January 22, 1980, the Secretary notified Casiano that he had regained his capacity to do substantial gainful activity and that his benefits would be terminated.

On March 12, 1981, the plaintiff had a hearing before an administrative law judge on the termination of his benefits. The judge considered the reports of Drs. Cunanan and Cortes and also reviewed reports by Dr. Franklin Krause on Casiano's physical condition and Dr. Stephen Kushnick on Casiano's psychological problems. Dr. Joel Steinberg, a specialist in internal medicine and psychiatry, testified at the hearing. From this evidence, the administrative law judge concluded that Casiano had the functional capacity to perform his past relevant work as a machine operator and terminated his benefits.

Casiano then commenced this civil action in the district court. The district judge, based on the magistrate's recommendation, affirmed the Secretary's decision to terminate Casiano's benefits. In this appeal, Casiano raises several objections to the district court's findings. The central issues in the case, however, are whether the Secretary's decision is supported by substantial evidence and who bears the burden of proof in termination proceedings.

■ This Court recently discussed the proper scope of review in termination proceedings in *Haynes v. Secretary of Health and Human Services*, 734 F.2d 284 (6th Cir.1984). In *Haynes*, the Secretary had determined that the social security recipient's disability had ended and terminated benefits. This determination was affirmed by the administrative law judge and the district judge.

In reversing the district court's decision, this Court outlined the burden of proof and standard of review in termination cases. The Court held that "the Secretary's initial determination [of disability] gives rise to a presumption that [the person] is still disabled." *Haynes*, 734 F.2d at 288. The Court expanded on this holding by stating:

This presumption of continuing disability requires that the Secretary produce evidence that the claimant's condition has improved, and in the absence of such evidence the claimant will be deemed to be still disabled. If the Secretary produces evidence that the claimant's condition has improved, the claimant, bearing the ultimate burden of showing disability, may, of course, produce evidence to the contrary. *The standard of judicial review is whether the Secretary's finding that there has been medical improvement in the claimant's condition to the extent that the claimant is now able to engage in substantial gainful activity is supported by substantial evidence.*

*Haynes*, 734 F.2d at 288 (emphasis added).

The Secretary argues that the *Haynes* holding should not be applied to the present case apparently on two grounds. First, she argues that the administrative decision and district court decision in this case preceded *Haynes* and that *Haynes* should not be applied retroactively. Second, she argues that the presumption of disability did not arise in this case because the administrative law judge placed a medical reevaluation on the case when Casiano was originally awarded benefits. We reject both of these contentions.

To determine whether a decision is to be given retroactive effect, we must apply the test established in *Chevron Oil v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). Under *Chevron*, a new decision should be applied to pending cases "unless it represents a 'clear break' with the past and unless in addition it would be fundamentally unfair or otherwise burdensome to so apply it." *Lawson v. Truck Drivers, Chauffers & Helpers, Local Union 100*, 698 F.2d 250, 254 (6th Cir.), *cert. denied*, — U.S. ——, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). Under this test, it is clear that *Haynes* should be applied retrospectively.

Although one can find suggestions in our earlier opinions that the same burden of proof applies to termination proceedings as to initial determinations, *see Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir.1972), the decision in *Haynes* was presaged by this Court's holding in *Hayes v. Secretary of Health, Education and Welfare*, 656 F.2d 204, 206 (6th Cir.1981), where the Court found that disability benefits were improperly terminated when the recipient's "condition had not changed since she had begun receiving benefits." Moreover, several other circuits had adopted the *Haynes* holding before that case was decided. *See, e.g., Dotson v. Schweiker*, 719 F.2d 80 (4th Cir.1983); *Rivas v. Weinberger*, 475 F.2d 255 (5th Cir.1973); *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982); *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982). *Haynes* was therefore not a clear break with precedent.

It is also not fundamentally unfair to require the Secretary to follow *Haynes* in pending cases. The Secretary will have already gathered medical evidence to consider whether disability benefits should be discontinued, and she can use this same evidence in most cases to show whether there has been a medical improvement. At the same time, it would be extremely burdensome on the disability recipients to have their benefits cut off when their condition has not improved.

■ The Secretary's second argument is based on the fact that Casiano was a disability recipient who the Secretary expected to recover and was thus scheduled for review on a periodic basis. Such cases are frequently denominated "medical diary" cases. These "medical diary" cases should be distinguished from the periodic review of disability recipients that is mandated by 42 U.S.C. § 421(h). Under that statute, the Secretary must review a disability recipient's case every three years to determine continuing eligibility. These periodic reviews have been suspended by the Secretary as of April 13, 1984 in anticipation of remedial legislation. The Secretary has continued review, however, of the "medical diary" cases. Social Security Ruling 84–13 (April 13, 1984).

The Secretary now argues that because Casiano's case was a "medical diary" case, the *Haynes* presumption of continuing disability did not arise. The Secretary reasons that because Casiano was informed at his initial determination of disability that his condition was expected to improve, he should not get the benefit of the presumption of continuing disability.

To embrace the Secretary's argument, however, would be to reject the basis for the presumption of continuing disability. The presumption is designed to protect these persons who are least able to carry the burden of showing their continuing disability. This rationale is equally pressing with "medical diary" cases. If disability recipients had to prove de novo that they were disabled each time they had their scheduled medical reexaminations, this task would be very onerous. We therefore hold that *Haynes* also applies to "medical diary" cases.

Having established that *Haynes* does apply to this case, Casiano is entitled to a presumption that the disability for which he was originally awarded benefits has continued. The Secretary therefore must have presented evidence that Casiano's original condition has improved. If the Secretary's finding that Casiano's condition has improved is supported by substantial evidence, we must affirm that decision. *Haynes*, 734 F.2d at 288.

■ The difficulty in resolving this case is that we cannot determine from the record which conditions resulted in Casiano originally being awarded benefits. Casiano asserts that he was awarded benefits because of his lacerated hand and because of his psychological problems. The Secretary claims that he received benefits only because of the injuries to his hands.

If Casiano originally was awarded benefits only because of his hand injuries, there is ample evidence in the record to support the Secretary's decision that he is no longer disabled. All of the doctors who examined his hands found that he had a fair to good grip, and Dr. Steinberg flatly stated that Casiano could physically perform his past relevant work. Casiano appears to concede

that his right hand has healed from his injury. Assuming his hand injuries were the sole basis for the original award of disability benefits, Casiano's alleged psychological impairments would be a condition that has arisen since his disability award, and the Secretary could evaluate them de novo without showing medical improvement. The record would again support a finding by the Secretary that Casiano's psychological impairments do not prevent him from performing his past relevant work.

On the other hand, if Casiano was awarded benefits for both his hand injuries and his psychological problems, the Secretary has presented no evidence that his psychological condition has improved. Under *Haynes*, the Secretary must show a positive change in Casiano's psychological condition to terminate benefits.

Because of the confusion over why Casiano originally was awarded benefits, we must remand the case to the district court to remand in turn to the Secretary to make a finding in this regard. The judgment of the district court is thus reversed, and the case is remanded to that court for further proceedings consistent with this opinion.