**Kenneth THURMOND, et al., Plaintiffs,**

v.

**CITY OF UNION CITY, TENNESSEE, et al., Defendants.**

**Civ. No. 80–1155.**

United States District Court, W.D. Tennessee, E.D.

Feb. 13, 1986.

Bruce Conley, of Conley, Campbell, Moss & Smith, Union City, Tenn., for plaintiffs.

James M. Glasgow, of Elam, Glasgow, Tanner & Acree, Union City, Tenn., and G. Ray Bratten, of Farris, Hancock, Gilman, Branan & Hellen, Memphis, Tenn., for defendants.

## ORDER DENYING SUMMARY JUDGMENT

TODD, District Judge.

Before the Court is Plaintiffs' supplemental motion for summary judgment on the issue of whether Plaintiffs are entitled to the overtime and minimum wage provisions of the Fair Labor Standards Act as a matter of law. Although Plaintiffs' supplemental motion may have been directed at other issues in this cause as well, Defendants have responded only to the question of whether the FLSA standards are applicable as a result of the Supreme Court's decision in *Garcia v. San Antonio Metropolitan Transit Authority, infra.* The Court finds this to be a fair reading of Plaintiffs' motion, and today rules only as to this issue.

Plaintiffs assert that *Garcia v. San Antonio Metropolitan Transit Authority,* —— U.S. ——, 105 S.Ct. 1005, 83 L.Ed.2d 1016, *reh'g denied,* —— U.S. ——, 105 S.Ct. 2041, 85 L.Ed.2d 340 (1985), establishes the obligation of Union City to comply with the applicable provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, which would in turn require Union City to comply with its own Personnel Rule 206.01(B)(4), providing Plaintiffs with certain overtime compensation Union City has heretofore refused to pay.

In response, Defendants assert that the 1985 amendments to the Fair Labor Standards Act immunize them from liability for failing to pay these benefits, and that in any event *Garcia* should not be applied retroactively so as to affect the result in this cause.

Under *Garcia,* the Fair Labor Standards Act (FLSA) standards relevant to this inquiry will clearly apply prospectively to states and their political subdivisions. In *Garcia,* the Supreme Court rejected the "traditional governmental functions" Tenth Amendment analysis of *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and held that constitutional principles of state sovereignty did not preclude the application of FLSA overtime and minimum wage standards to state and municipal governments. *Garcia, supra.* Defendants apparently agree that the FLSA will apply to them prospectively, but do not believe that justice requires its retrospective application in the context of this action.

Defendants assert first that Section 2(c) of the Fair Labor Standards Amendments of 1985, Pub.L. No. 99–150, U.S.Code Cong. & Ad. News (99 Stat.) 787 (December 1985), prevents the application of the FLSA to "traditional government function" employees at any time prior to April 15, 1986, including the period contested in this action. Section 2(c) states, in pertinent part:

(1) No State, political subdivision of a State, or interstate governmental agency shall be liable under Section 16 of the Fair Labor Standards Act of 1938 for a violation of section 6 (in the case of a territory or possession of the United States), 7, or 11(c)(as it relates to section 7) of such act occurring before April 15, 1986, with respect to any employee of the State, political subdivision, or agency who would not have been covered by such act under the Secretary of Labor's special enforcement policy on January 1, 1985, and published in sections 775.2 and 775.4 of title 29 of the Code of Federal Regulations.

Fair Labor Standards Amendments of 1985, § 2(c), *supra.*

Sections 775.2 and 775.4 of C.F.R. title 29 reflect the *National League of Cities* exemption of state and local traditional government functions from the coverage of the FLSA.

In view of the legislative history of the FLSA Amendments of 1985, the Court concludes that Section 2(c) has no bearing on whether states and municipalities should be liable as a result of the retrospective application of the *Garcia* decision. Senate Report No. 99–150 states:

In particular, in the wake of *Garcia,* the States and their political subdivisions have identified several respects in which they would be injured by immediate application of FLSA. This legislation responds to these concerns by adjusting

certain FLSA principles with respect to employees of states and their political subdivisions and by deferring the effective date of certain provisions of the FLSA insofar as they apply to the States and their political subdivisions.

. . . . .

Jurisdictions that had relied for a decade upon the exemptions accorded under *National League of Cities* would be required to meet FLSA standards immediately under *Garcia.* Although many jurisdictions commendably and successfully have undertaken to do so, others have expressed an urgent need for lead-time in which to reorder their budgetary priorities while maintaining fiscal stability. As the Committee did under the 1974 amendments, it has again allowed for lead-time for state and local governments to comply with the FLSA requirements. S.Rep. No. 99–150, 99th Cong. 1st Sess., *reprinted in* U.S.Code Cong. & Ad. News 651, 655–56 (December 1985).

Section 2(c) in effect gives state and local governments until April 15, 1986, to comply with the FLSA. Nowhere in the legislation is retroactive noncompliance mentioned, and the Court does not believe the section can be fairly construed as insulating state and local governments from liability potentially incurred before the 1985 amendments were passed. This section looks forward, rather than backward, in providing a limited immunity from liability for noncompliance with the FLSA.

Defendants' second contention, that judicial and equitable considerations preclude the retroactive application of the FLSA standards in this instance, is far more persuasive. Under the rationale of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), a three-factor analysis determines whether a ruling such as *Garcia* should be applied retrospectively. In reaching this decision a court should consider, first, whether the decision represents a clear break with past law; second, whether retrospective application would further or retard the operation and purposes of the new rule; and finally, whether

retroactive application could produce "substantial inequitable results." *Smith v. General Motors Corp.,* 747 F.2d 372, 375 (6th Cir.1984); *Casiano v. Heckler,* 746 F.2d 1144 (6th Cir.1984).

In the case at bar, each of the three requirements for non-retrospective application of *Garcia* is met. *Garcia* overrules the clear past precedent of *National League of Cities, supra,* that the Tenth Amendment limited Congress' power to require FLSA compliance of state and local governments in areas of traditional government functions. Retrospective application in this instance would not further the operation or purposes of the *Garcia* rule. Instead, retrospective application could "wreak havoc on municipal budgeting and create unanticipated financial liability for already strapped municipalities." *Brooks v. Village of Lincolnwood,* 620 F.Supp. 24 (N.D.Illinois 1985). This result most likely would not further the intentions of the *Garcia* court, which were merely to "remove an unworkable standard of municipal immunity from federal law." *Id.* Finally, this Court perceives a clear inequity in holding a municipality and its decisionmakers liable under a rule which was not in effect at the time the policies complained of were in use. *Id.* at 26.

Each of these three factors militates against retrospective application of the *Garcia* decision in the instant case. To summarize: *Garcia* represents a clear break with past precedent; its application here would present a serious threat of budgetary disruption unintended by the *Garcia* court; and finally, it would be unfair to hold Defendants to a rule not in force when they made the key decisions at issue in this cause.

Accordingly, Plaintiffs are *not* entitled to the minimum wage and overtime provisions of the FLSA solely as a result of the Supreme Court's *Garcia* decision. Summary judgment on this issue is, therefore, DENIED. The Court expresses no opinion at this time regarding any other issues contested in this cause.

IT IS SO ORDERED.