214 N.J. Super. 488 (1986)
520 A.2d 410
CARL PERRY, PLAINTIFF-APPELLANT,
v.
BOROUGH OF SWEDESBORO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1986.
Decided December 30, 1986.
*490 Before Judges DREIER, SHEBELL and STERN.
Caryl M. Amana argued the cause for appellant (Caryl M. Amana, on the brief).
Charles R. Iannuzzi argued the cause for respondent (Charles R. Iannuzzi, on the brief).
PER CURIAM.
Plaintiff has appealed from a dismissal of his complaint for additional compensation based upon his being required to be on duty or on call as a police officer for a 24-hour period every other day. The trial judge's decision is reported at 204 N.J. Super. 103 (Law Div. 1985).
In view of the complete analysis of the case by the trial judge, we need but briefly state the facts. By reason of personnel problems faced by defendant its five-man police force was reduced to two officers, the Chief and plaintiff, a Sergeant, for the majority of the period in question. For most of this period plaintiff was assigned to work for a six-hour uniformed patrol shift followed by an 18-hour period during which plaintiff remained on stand-by subject to call for any police duties. Although he was not required to remain in uniform during that period, he was required to respond in uniform to any call. For a brief period a CETA employee was hired as a patrolman, temporarily alleviating the work schedule. During this period plaintiff worked every third day.
The municipality was forced into this scheduling situation by the budgetary constraints of the cap law, N.J.S.A. 40A:4-45.1 et seq. Yet the voters defeated a referendum which would have enabled additional funds to be raised by taxation to augment the police force. In addition, as stipulated at trial, neither the *491 Mayor, Borough Council nor Police Chief designated the situation as an "emergency" under N.J.S.A. 40A:14-134.
The trial judge determined that Garcia v. San Antonio Metropolitan Transit Auth., 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016, reh'g. den., 471 U.S. 1049, 105 S.Ct. 2041, 85 L.Ed.2d 340 (1985), which found the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., applicable to local governmental units, should not be given retrospective application. See Mineo v. Port Auth. of New York & New Jersey, 779 F.2d 939 (3d Cir.1985); Thurmond v. City of Union City, Tenn., 628 F. Supp. 146 (W.D.Tenn. 1986). In addition, the judge held that the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq., was inapplicable to the facts before him, since the employment relationship between the municipality and its police are governed by specific statutes which take precedence over the general wage and hour law. We agree with these determinations.
The judge lastly determined that plaintiff's claim for compensation under N.J.S.A. 40A:14-133, relating to emergency compensation for police officers, was defeated by the interpretation of its legislative antecedent, N.J.S.A. 40:47-17, in Hoboken Local No. 2 v. Hoboken, 23 N.J. Misc. 334 (Sup.Ct. 1945), aff'd o.b. 134 N.J.L. 616 (E. & A. 1946). While we agree with the principle of stare decisis postulated by the trial judge, and that Hoboken Local No. 2 mandates the result reached below, some further explanation is required. Since the decision in Hoboken Local No. 2, the compensatory time off statute was first supplemented by N.J.S.A. 40:46-12.12 et seq., now repealed, and then by N.J.S.A. 40A:14-132 and 134. It was only by virtue of the stipulation by plaintiff that no "emergency" existed in the Borough that the result here must be the same as that in Hoboken Local No. 2. Were it not for this stipulation, plaintiff could have attempted to prove that the services demanded of him required a declaration of emergency pursuant to N.J.S.A. 40A:14-134.
*492 Faced with the stipulation, however, the trial judge properly determined that he need not analyze the actual services required of plaintiff during his stand-by time, and could even assume that there were substantial services that forced him to spend more than 40 hours per week on active duty. We note that in its brief and at oral argument the Borough contended that such was not the case, but as correctly noted in plaintiff's reply brief, this fact was not developed below and thus cannot be considered by us.
Plaintiff argues that notwithstanding the statutory provisions limiting the payment for overtime to emergency situations and the holding in Hoboken Local No. 2, authority to compensate plaintiff in the absence of a declaration of emergency can be found in New Jersey State Police Ass'n v. Irvington, 121 N.J. Super. 321 (App.Div. 1972). The issue there was whether, prior to amendment of N.J.S.A. 40A:14-134 to permit the payment of time and a half rather than straight time for overtime, a municipality had the inherent power to pay more than straight time compensation. Although it is true that no specific mention was made in that case that an emergency had been declared, we must assume that such prerequisite was not mentioned since either both parties realized that there had been such a prior declaration or else the issue was not raised. The case does not stand for the proposition that the requirement of an emergency may be disregarded[1].
We note that since Garcia v. San Antonio Metropolitan Transit Auth., has prospective effect, the issue in this case, payment for excessive hours of work, should not recur, unless the Federal Fair Labor Standards Act is amended or the United States Supreme Court again reconsiders its applicability to local governmental units. With the exception of our explanation as to the possible avoidance of the impact of Hoboken *493 Local No. 2 in the event of either a proper declaration of an emergency or a challenge to the Municipality's failure to declare an emergency, we affirm the decision of the Law Division substantially for the reasons set forth in the reported opinion appearing at 204 N.J. Super. 103.
NOTES
[1] In view of the stipulation noted earlier, we do not here decide whether an undeclared de facto emergency may be grounds for the payment of overtime under N.J.S.A. 40A:14-133.