812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George T. PHILLIPS, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 85-3932.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1987.
 
 Before LIVELY, Chief Judge; MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a district court decision affirming the denial of disability benefits by the Secretary of Health and Human Services (the Secretary). For the reasons discussed herein, we affirm.
 
 
 2
 In December 1980, plaintiff, George T. Phillips, developed weakness and pain in his left hand and lower back. On January 5, 1981, Dr. Tetsuo Tatsumi examined Phillips. Dr. Tatsumi diagnosed spinal stenosis and a herniated disk at C 4-5, and spinal cord compression. On January 31, 1981, Phillips underwent a cervical laminectomy, removal of the herniated disk, and spinal cord decompression. Phillips worked from July 1981 to June 1982, when his complaints of pain and weakness in his lower back, left arm and left leg led him to further surgery. He has not worked since.
 
 
 3
 In early 1983, Phillips was examined by three physicians. Dr. Tatsumi found a slightly diminished left handgrip, intact arm strength, hyperactive reflexes, and a diminished pinprick appreciation on the left side. Dr. Charles J. Paquelet of the Ohio Bureau of Disability Determination observed that there was no atrophy of muscle bulk in the left or right arm or leg, and that when Philips accidentally fell forward, he was able to break his fall with both hands, sit on the floor, and get up by himself. Dr. Allen S. Bozzoli reported that Phillips was then using a wheelchair and complaining of paralysis on the left side of his body. Dr. Bozzoli found no obvious atrophy in comparing right to left hand, arm or leg, and deemed this an unusual result for a patient complaining of near total paralysis of his left side. Dr. Bozzoli also concluded that a conversion reaction, a displacement of emotional symptoms onto non-organically founded physical symptoms, was a definite possibility. In addition, Dr. Robin Stanko assessed Phillips's Residual Functional Capacity, concluding that he could lift 50 pounds at most, lift 25 pounds frequently, and stand or walk about six hours per working day.
 
 
 4
 Later in 1983, William Mohler, a licensed psychologist, conducted a psychological evaluation of Phillips. Mohler noted that although Phillips never used his left hand during the course of the evaluation, he did use his left hand for some activities while getting in and out of his car. In September, Dr. Leonid Krivitskiy assessed Phillips's Residual Functional Capacity, reaching the same findings as Dr. Stanko.
 
 
 5
 Based on this record, and a hearing that included testimony by Phillips, by Dr. Marta Steinberg, a Medical Advisor for the Secretary, and affidavits submitted by some of Phillips's friends and acquaintances, attesting to his character and his disabilities, the Administrative Law Judge (ALJ) found Phillips not disabled.
 
 
 6
 * Credibility
 
 
 7
 The test for "disability" under the Social Security Act, as described in Garner v. Heckler, 745 F.2d 383 (6th Cir.1984), is ultimately whether or not the claimant can perform some work which exists in the national economy, taking into account his residual functional capacity, age, education, past work experience and impairments. The ALJ found that Phillips could perform such work, and therefore was not disabled.
 
 
 8
 The role of this Court is to determine whether or not the ALJ's decision was supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable man might accept as adequate to support a conclusion." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.1983), citing Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 9
 The ALJ acknowledged that Phillips demonstrated some outward manifestations of paralysis, possibly due to a conversion reaction. The threshold issue in this case, however, is whether Phillip's allegedly disabling symptoms, whatever their source, were credible.
 
 
 10
 The facts described above would provide substantial evidence to support the ALJ's finding that Phillips was not disabled. The absence of atrophy in Phillips's limbs, as reported by Paquelet and Bazzoli, his ability to break his fall with both hands and get up by himself during Paquelet's examination, and his use of his left hand in getting into and out of his car before and after his psychological evaluation with Mohler, all indicate that Phillips is not disabled.
 
 
 11
 Equally important, the Medical Advisor indicated that Phillips's symptoms and medical history were inconsistent with one another. According to the Medical Advisor, compression of the spinal cord at C 4-5 would produce sensory loss on Phillips's right side, not the left, and any radiculopathy (i.e., a disease attacking nerve roots) would create sensory loss on the opposite side from diminished reflexes, in contrast to Phillips's sensory loss and diminished reflexes on the same side.
 
 
 12
 It is the rare case, the exception, in which every piece of evidence points uncontrovertibly towards the holding. There is evidence in the record which, taken in isolation, might suggest that Phillips is disabled, and that his testimony on the involuntariness of his paralysis is credible. However, "special deference is owed to a credibility finding by a trier of fact.... The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly." Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383 (6th Cir.1978). See also Williamson v. Secretary of Health and Human Services, 796 F.2d 146, 150 (6th Cir.1986).
 
 
 13
 In light of this deference, as well as the absence of atrophy, Phillips's use of his left hand and the Medical Advisor's testimony, we conclude that there was substantial evidence supporting the ALJ's decision that Phillips was not disabled.
 
 II
 Conversion Reaction
 
 14
 Phillips argues that because his problem is inherently psychological, it is non-exertional, and therefore the Secretary erred by applying to him the Medical/Vocational Guidelines of 20 C.F.R. Sec. 404, Subpart P, Appendix 2 (the Grids).
 
 
 15
 It is true that the Grids are not necessarily applicable when the claimant has a solely non-exertional type of impairment. See 20 C.F.R. Sec. 404, Subpart P, Appendix 2, Sec. 200.00(e); see also Hayes v. Secretary of Health and Human Services, 656 F.2d 204, 206 (6th Cir.1981). But see Burton v. Schweiker, 512 F.Supp. 913, 915 (W.D.PA 1981). Phillips's conversion reaction allegedly manifests itself, however, solely in an exertional symptoms. In light of the substantial evidence supporting the ALJ's credibility determination, we need not determine now the effect of credible, but solely physical, symptoms caused by a conversion reaction.
 
 III
 Lay Testimony
 
 16
 Phillips argues that the ALJ failed to give proper weight to the affidavits of his friends attesting to his character and his disabilities. The ALJ did consider these affidavits in reaching his decision, but found them irrelevant to the critical issue of the authenticity of Philips's paralysis. "While there are affidavits in the record from persons who have observed the claimant, they provide little help in distinguishing between a voluntary and an involuntary limitation of capacity." Transcript, at 11. Although the affidavits addressed Philips's physical behavior, e.g., describing him as using a wheelchair, they failed to address the cause of his physical behavior. Thus, the issue of the weight to be given to the affidavits could not have affected the ALJ's decision.
 
 
 17
 The decision of the district court is AFFIRMED.