742 A.2d 594 (1999)
327 N.J. Super. 14
Michael ALLEN, David Abdus-Sabur, Tajuddin Abur-Ra' Oof, Laniece Allison-Brown, Jerry Alston, Richard Anderson, Renee Arvin, Richey Askew, Daniel Ates, Joe Baker, Sr., Raymond Ballester, Hataa Baraka, Todd Barnett, Angelo Bianchi, David *595 Blackburn, Maurice Boatner, Dennis Bogdan, Reginaldo Bosque, Milton Boyd, Larry Brantley, John Burns, Nathaniel Bush, Ellen Butler, Eddie Cannon, Pasquale Capozzoli, Jerome Carroll, Yvette Carroll, John Casalinho, Gregory Castillo, Caprice Chaves, Henry Cherry, Lizzie Mae Chislum, Joanne Clark, Christopher Coats, Leonel Coelho, Tiowandolynn Coleman, Beverly Collins, Lance Collins, Shelby Cowans, Celeste Cunningham, Marlon Curtis, Alexander Dalmida, Patricia Daniels, Bruce Davis, Edward Davis, John Delguercio, Thomas Dixon, Evonne Dock, Carlton Easton, Cleveland Eatman, Sandra Eley, Frank Evaristo, Andre Fleming, Deborah Fluker, Deborah Foster, Andre Frazier, Freddie Frazier, Jr., James Frazier, Lloyd Fuller, Jr., Ben Gamble, David Garry, Mark Gaunt, Arthur Ray Gibson, Michael Gilbert, Joan Gilmore, Harry Gonzalez, Nelson Gonzalez, Gail Good, Gerald Gordon, Dawn Grant, Luther Gregg, Brandon Gregory, Robin Grier, Gilves Grrington, Pamela Hailstork, David Hammonds, James Hamilton, Billy Harris, Merri Harris, Jose Hernande, Anthony High, Dana Hines, Benita Holmes, Timothy House, Eva Huguenin, Janet Hunter, David Jackson, Lorrie Jackson, Terrance Jackson, Jose Jimenez, Manuel Jimenez, Darris Johnson, Monique Johnson-Holley, Dwayne Jones, Jimmie Jones, Kenneth Jones, Totsian Jones, Alton Joyner, Stanley Judson, William Jungman, James Kennedy, Michael Kennedy, Robert Kent, Edward Kitchen, Jr., Darrell Kornegay, Kathy Lamberth, Leonard Lamberth, Andre Larkins, Alvin Lewis, Anthony Lindsey, Christine Lindsay, Albert Lofton, James Lowery, Jose Lugardo, Stacey Mallory, Andre Manning, Timothy Mayne, Brian McCallum, Marta McClain, Toni McCoy, Chandar McDaniel, Brian McGill, Chester Megill, George Migner, Derrick Mike, David Miller, Monica Miller, Donovan Mitchell, Louis Morena, Darryl Morgan, Clark Morton, William Nealis, Charles Newsome, Benjamin Newton, Beverly Nottingham, Lamont Nutter, Manuel Oliveira, Marquis Owens, Antonio Pereira, Ronnie Perry, Darwin Phillips, Pedro Pozo, Salahuddin Rabb, Hakiem Randall, Willie Rayford, Harold Reynolds, Deborah Revis, Brenda Richardson, Harold Richardson, Jason Richardson, Molly Richardson, Timothy Rigsby, Anthony Roberts, Desiree Robertson, Emmanuel Rodriguez, Luis Rosas, Judith Schlachter, Gloria Schwinger, Ruth Saffold, James Sanders, Shawn Scott-Thomas, Minnie Small, Cedric Seymour, Lenore Simon, Andre Smith, Garven Smith, Kent Smith, Leroy Smith, Carlos Soares, Joseph Sorbino, Edwin Soto, Gerald Sowa, Janelle Spearman, Joseph Spotswood, John Stafford, Tiare Stephenson, Sean St. Paul, Alphonso Strauss, Edward Sullivan, Anthony Swepson, Richard Tattoli, Derek Thomas, Vincent Thomas, Genaro Thompson, Jeffrey Thompson, Pernell Thompson, Langston Tisdale, Ronald Tucker, Calvin Turner, Terrell Turner, Larry Tyson, John Vatasin, Moises Vazquez, William Vick, Samuel Webster, Tyrone Webster, Eddie Weldon, Frederick White, Brian Williams, Eric Williams, Kenneth Williams, Jada Wilson, Harolyn Wing-Neblett, Willie Winns, Kecia Wright, Carlton Young, on behalf of themselves and all other persons similarly situated, Plaintiffs-Appellants,
v.
William H. FAUVER, Christine Todd Whitman and State of New Jersey Department of Corrections, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 1999.
Decided December 28, 1999.
Reconsideration Denied February 2, 2000.
*596 David Tykulsker & Associates, attorneys for plaintiffs-appellants (Mr. Tykulsker and Diane E. Ristaino, on the brief).
John J. Farmer, Jr., Attorney General, attorney for defendants-respondents (Mary C. Jacobson, Assistant Attorney General, and Robert H. Stoloff, Assistant Attorney General, of counsel; Don E. Catinello, Deputy Attorney General, and Todd A. Wigder, Deputy Attorney, on the brief).
Faith S. Hochberg, United States Attorney, attorney for amicus curiae the United States of America (Susan L. Pacholski, Attorney, Appellate Staff, of counsel and on the brief).
Before Judges PRESSLER, LANDAU and CIANCIA.
The opinion of the court was delivered by CIANCIA, J.A.D.
Plaintiffs are corrections officers employed by the Department of Corrections who sued the Department, the Commissioner of Corrections, and Governor Whitman (defendants) to obtain "incidental" overtime pay assertedly owed them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201 et seq. and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. Their claims were dismissed by the trial court and they now appeal.
The primary issue before the trial court was whether the defendants were immune *597 from FLSA claims in state court brought by individuals. The trial judge held that such immunity existed under the Eleventh Amendment to the United States Constitution. The correctness of that rationale need not be considered because after the trial court rendered its decision, the United States Supreme Court decided Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). That decision holds that states are immune from FLSA suits brought by individuals in state court. The basis for the Court's holding was not the Eleventh Amendment but rather a determination that immunity flowed from the fundamental aspects of sovereignty enjoyed by the states before ratification of the United States Constitution. That immunity was retained by the states as "residuary and inviolable sovereignty" following ratification of the Constitution. Alden v. Maine, supra, 527 U.S. at ____, 119 S.Ct. at 2247.
On appeal both sides now agree that in the first instance the State is immune from FLSA suits brought in state court by individuals. In Alden v. Maine, supra, however, the Supreme Court noted that states may waive their immunity and that many states have done so. Id. at 2267. Plaintiffs contend New Jersey is a state that has waived its sovereign immunity from suits of this nature. We disagree.
New Jersey has waived its immunity from tort and contractual liability only in specified circumstances. The Tort Claims Act, N.J.S.A. 59:1-1 et seq., and the Contractual Liability Act, N.J.S.A. 59:13-1 et seq., open the State to liability in a limited manner. The Tort Claims Act specifically provides:
a. Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
b. Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.
[N.J.S.A. 59:2-1 (footnote ommitted).]
Our courts have honored this statutory articulation of the State's sovereign immunity. Public entities are absolved from tort liability except under the conditions and circumstances provided by the Tort Claims Act. Schwarz v. Port Auth. Transit Corp., 305 N.J.Super. 581, 593, 702 A.2d 1351 (App.Div.1997), certif. denied, 153 N.J. 214, 708 A.2d 65 (1998).
The Contractual Liability Act was the Legislature's response to P.T. & L. Constr. Co. v. Commissioner, Dep't of Transp., 55 N.J. 341, 262 A.2d 195 (1970), which abrogated sovereign immunity in contract actions. The statute generally treats the State similarly to private individuals or corporations in matters arising out of contracts but there are some very definite limitations and exclusions. See W.V. Pangborne & Co., Inc. v. New Jersey Dep't of Transp., 226 N.J.Super. 367, 373-75, 544 A.2d 423 (App.Div.1988), rev'd on other grounds, 116 N.J. 543, 562 A.2d 222 (1989).
The Contractual Liability Act states:
The State of New Jersey hereby waives its sovereign immunity from liability arising out of an express contract or a contract implied in fact and consents to have the same determined in accordance with the rules of law applicable to individuals and corporations; provided, however, that there shall be no recovery against the State for punitive or consequential damages arising out of contract nor shall there be any recovery against the State for claims based upon implied warranties or upon contracts implied in law.
[N.J.S.A. 59:13-3.]
Plaintiffs contend their relationship with the State is contractual and therefore FLSA overtime pay must be encompassed within that relationship, thus affording them access to the courts through the *598 Contractual Liability Act. There are multiple problems with this syllogism in the context of the present case.
Although we assume plaintiffs are employed pursuant to a negotiated collective bargaining agreement with the Department of Corrections, we are directed to no provisions of that contract as bearing on the FLSA issue. In plaintiffs' initial brief to this court, they characterized defendants' obligations to them as "quasi-contractual." Such a designation is synonymous with a contract implied in law, and contracts implied in law are specifically excluded from the scope of state liability under the Contractual Liability Act. N.J.S.A. 59:13-3.
In a reply brief, plaintiffs switch the description of their claim from "quasi-contract" to just "contract," perhaps attempting to come within the definition of contracts implied in fact, which are amenable to enforcement pursuant to the Contractual Liability Act. As our Supreme Court said in Wanaque Borough Sewerage Auth. v. West Milford, 144 N.J. 564, 574, 677 A.2d 747 (1996):
Thus, contracts implied in fact are no different than express contracts, although they exhibit a different way or form of expressing assent than through statements or writings. Courts often find and enforce implied promises by interpretation of a promisor's word and conduct in light of the surrounding circumstances. See Restatement (Second) of Contracts § 4 comment a (1979); id. at § 5 comment a ("The terms of a promise or agreement are those expressed in the language of the parties or implied in fact from other conduct.").
Again, the problem in this case is that there are no facts before us to permit a finding that the parties created a contract in fact concerning FLSA benefits. The record shows only the existence of a federal statute that speaks to the employment relationship of plaintiffs and the Department of Corrections. The State does not contest the applicability of the FLSA, but that alone does not place the dispute into one of the two contractual categories the Legislature has said are no longer cloaked with sovereign immunity.
More importantly, even if we were able to conclude that the Contractual Liability Act constitutes a waiver of immunity for FLSA claims, plaintiffs in this case failed to file a notice of claim within ninety days of the accrual of their claims.[1]N.J.S.A. 59:13-5. Nor did they apply to the Superior Court within one year after accrual of their claims for permission to file a late notice of claim. N.J.S.A. 59:13-6. Accordingly, absent unusual circumstances not here apparent, the contractual claimants are "forever barred from recovering against the State...." N.J.S.A. 59:13-5.
Plaintiffs' remaining contention is that they have a viable cause of action under the State Wage and Hour Law, specifically N.J.S.A. 34:11-56a4. Again, we disagree. The applicability of the Wage and Hour Law to the State as employer turns on whether the statutory definition of "employer" includes state government. The definition of employer as set forth in the Wage and Hour statute "includes any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A. 34:11-56a1(g). On its face, the State is not within that definition. Plaintiffs argue that the word "includes" in a statutory definition is typically a word of enlargement, not limitation, thereby allowing expansion of the enumerated members of the group, as appropriate. We have no quarrel with that general proposition, but an expansive definition is *599 not synonymous with an exhaustive definition. Had the Legislature intended to include all employers both public and private, it most certainly would have done so explicitly as it has in the Employer-Employee Relations Act (N.J.S.A. 34:13A-3(c)) and the Law Against Discrimination (N.J.S.A. 10:5-5(e)). We also note there are statutes applicable only to public employees that parallel the entitlements provided under the Wage and Hour Law. Compare N.J.S.A. 11A:6-24 and N.J.S.A. 52:14-17.13 with N.J.S.A. 34:11-56a4. If state government as employer was subject to the Wage and Hour Law, these other statutes would be largely unnecessary.
Defendant's reliance on Perry v. Borough of Swedesboro, 204 N.J.Super. 103, 497 A.2d 922 (Law Div.1985), aff'd, 214 N.J.Super. 488, 520 A.2d 410 (App.Div. 1986), certif. denied, 107 N.J. 153, 526 A.2d 212 (1987), is misplaced. In that case the question was whether a borough police officer was entitled to compensation from the municipal corporation for overtime work. The officer advanced three distinct statutory theories in support of his claim: the FLSA; the Wage and Hour Law; and N.J.S.A. 40A:14-133, providing that police officers shall not be required to work more than six days in any one week except in cases of emergency. In holding that the officer was not entitled to compensation, the Law Division found the Wage and Hour Law inapplicable because a more specific set of statutes governed the employment relationship between police officers and municipal corporations. In so finding, the Law Division judge characterized the Wage and Hour Law as a "statute of general application without regard to specific employment in either the public or private sector." 204 N.J.Super. at 112, 497 A.2d 922. On appeal to this court, we affirmed the Law Division's decision substantially for the reasons set forth in that opinion but without discussion, or even mention, of the trial court's characterization of the Wage and Hour Law. In neither opinion was there a discussion of the term "employer" as used in the Wage and Hour Law. Obviously the State as employer was not involved in that litigation. Whatever might be inferred from the Law Division's opinion concerning a municipal corporation falling within the definition of "employer," that opinion and our affirmance thereof do not support a claim that the State as employer is subject to the Wage and Hour Law.
If we have misread the legislative intent, the Legislature can remedy the statutory ambiguity by specifically including the State within the definition of employer. Under the present wording of N.J.S.A. 34:11-56a1(g), we do not believe the State is so included.
The dismissal of plaintiffs' action is affirmed.
NOTES
[1] Plaintiffs' complaint states the failures to pay overtime occurred during the three-year period prior to the filing of the complaint. In another paragraph of the complaint, it is asserted the non-payments took place within a two-year period preceding the complaint. The complaint was filed on March 15, 1994.