Ramon M. RIVAS, Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 72-2804

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 21, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Frank R. Southers, San Antonio, Tex., for plaintiff-appellant.

William S. Sessions, U. S. Atty., C. J. Calnan, Asst. U. S. Atty., San Antonio, Tex., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant first applied for Social Security disability benefits under 42 U.S. C.A. §§ 416(i), 423, on August 4, 1970, alleging the onset of disability on April 10, 1970. The application was denied initially and on reconsideration. A Hearing Examiner considered the case *de novo* and, agreeing with the earlier determinations, found on August 20, 1971, that appellant was not under a disability on or before that date. The Hearing Examiner's decision became the final decision of the Secretary when the Appeal Council approved it on April 13, 1972, and appellant filed this action below under 42 U.S.C.A. § 405(g) for review of the Secretary's determination. Concluding that the Secretary's finding of no disability was supported by substantial evidence, the district court affirmed the administrative decision. We affirm as to part of the period covered by the Secretary's determination, and reverse as to the remainder.

Appellant is a fifty-year-old Army veteran with a sixth grade education. He worked as a barber from 1951 until February 1970, when, he has alleged, arthritis prevented him from working further. At the administrative hearing on his claim appellant and his wife testified that since that time he had been unable to move about "seventy-five percent of the time" due to arthritic pain, swelling, and stiffness in his ankles, feet, hands, neck, and right shoulder; that he had difficulty walking over two or three blocks; and that he frequently had difficulty dressing himself and signing his name. When he stopped barbering in February 1970, his wife took over management of his shop and arranged for an outside barber to work there and give a share of his income to appellant as the shop owner.

The medical evidence available to the Hearing Examiner consisted of four reports and summaries submitted to the Secretary by physicians who had treated appellant. Dr. R. E. Garza, who treated him during February, March, and April of 1970, for arthritis in his hands and ankles, stated in a medical report to the Secretary, "The patient is a barber and has been unable to work since February because of his arthritic condition." In the following eight months appellant underwent three periods of hospitalization in the Veterans Administration Hospital at Kerrville, Texas, because of arthritic joint pain and other ailments not relevant to the disability inquiry. Dr. L. W. Scheckles, the treating physician for the initial hospitalization period from May 12 to August 18, diagnosed appellant's medical problems at that time as "anxiety and depressive reaction" and "early rheumatoid arthritis"; as Dr. Garza had done, he prescribed pain medication. Dr. Y. C. Smith was the principal treating physician for the second and third periods of hospitalization from July 24 to August 18 and from September 8 to December 4, 1970. Dr. Smith's hospital summary reflects that appellant

was admitted to the hospital the second time for treatment of pain in his right shoulder, his arms, and in the joints of the fingers in both hands; that "rheumatoid arthritis, mild" and "anxiety neurosis" were again diagnosed as his major medical problems; and that pain medication was again prescribed. In an apparent effort to bring about an improvement in appellant's neurotic condition, Dr. Smith advised him during the second hospitalization "to return to his work, barbering, and to continue at this at the best of his ability, that if he got tired, to discontinue his work till he rested, and then continue working again, and advised [him] that we do not feel it was good for him to discontinue working altogether." Dr. Smith's hospital summary covering the third hospitalization read in part:

> This veteran was admitted because of severe pain in the right shoulder, wrist and hand. . . . [H]e developed severe pain in the right shoulder and he was unable to abduct the arm. The pain was so severe that it kept him awake at night. . . . His symptoms in re his arthritis are much worse, however, his neuroses have improved. . . . He walked with a shuffling gait and a limp due to pain and swelling of his right ankle. There was point tenderness along the course of the long head of the biceps. The right ankle was swollen and tender. The right wrist was swollen and tender and painful on pronation and suppination.

> . . . The right shoulder showed early improvement and full motion was restored. He was given a short course of steroid for his multiple joint symptoms and was temporarily helped in regards his pains; however, pain recurred when steroids were discontinued.

> . . . With the diagnosis of rheumatoid arthritis the outlook is not good as these cases usually get progressively worse, which has been the case with him. He was advised to work up to the point of tolerance,

however, it is doubtful that he will be able to work more than a few hours a day due to the arthritis in his hands, fingers and feet.

Dr. D. R. Marth, a vocational expert, answered two hypothetical questions at the hearing. First, he concluded that if appellant's testimony were taken as true, appellant would be "precluded from competitive employment." Secondly, Dr. Marth opined that if only the information contained in the medical summary covering the second hospitalization were taken as true and all other evidence disregarded, this information alone would indicate that appellant could not return to barbering but did not indicate inability to engage in various forms of light work found in the economy. On cross-examination he made a further statement, "By observance and reviewing the objective evidence coupled with the subjective evidence presented here, from my own opinion and observations, I would have to agree with the first hypothetical and say that I would not think he would be employable."

On the basis of this evidence—the testimony of appellant, his wife, and the vocational expert and the four medical reports—the Hearing Examiner found that appellant was not under a disability before August 20, 1971, the date of the decision, and that he could "return to employment as a barber," or "function as (1) a retail salesman for a barber or beauty supply company, (2) a general cashier, (3) a cashier for a self-service station, or (4) a parking lot attendant."

■■ Our function in reviewing fact findings of the Secretary is limited to determining whether there is substantial evidence in the record, considered as a whole, to support them. 42 U.S.C.A. § 405(g); *see* Ward v. Celebrezze, 5th Cir. 1963, 311 F.2d 115, 116. Substantial evidence is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' and it must be enough to justify, if the trial

were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." Breaux v. Finch, 5th Cir. 1970, 421 F.2d 687; *see* 4 K. Davis, Administrative Law Treatise § 29.02 (1953).

"Disability" is defined in the Social Security Act as "(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months or (B) blindness." 42 U.S.C.A. §§ 416(i)(1), 423(d)(1). Ability to work only a few hours a day or to work on an intermittent basis is not ability to engage in a "substantial gainful activity"; the latter term means "performance of substantial services with reasonable regularity in some competitive employment or self-employment." Prevette v. Richardson, D.S.C.1970, 316 F.Supp. 144, 147, quoting Foster v. Ribicoff, W. D.S.C.1962, 206 F.Supp. 99; *see also* McDowell v. Richardson, 6th Cir. 1971, 439 F.2d 995.

█ Viewing the record as a whole we believe that appellant conclusively established the onset of disability at the beginning of his third period of hospitalization on September 8, 1970. It appears, as the district court observed, that the Secretary in making his determination gave "little or no credibility to the testimony of plaintiff and his wife, or to the testimony of the vocational expert" and that he relied primarily on the medical evidence. As trier of fact the Hearing Examiner was fully entitled to single out and accord greater weight to those portions of the evidence which he considered particularly persuasive, but we do not believe that the medical reports supply the requisite substantial evidence to support the Secretary's decision for the whole period under consideration in this case.

█ The four medical reports and summaries in the record present a history of steadily worsening multiple-joint rheumatoid arthritis. Dr. Garza's report recited that appellant had been unable to work as a barber since February 1970; the summaries covering the first and second periods of hospitalization contain diagnoses of "early rheumatoid arthritis" and "rheumatoid arthritis, mild," respectively. These diagnoses and Dr. Marth's expert opinion that the information in the second hospitalization summary did not indicate inability on the part of the patient to work in certain light jobs afford substantial evidence for the finding of no disability before September 8, 1970. Dr. Smith's advice to his patient to return to barbering to the extent of his ability to do so does not indicate a medical opinion that the arthritis condition would permit substantial work as a barber, for such work was clearly intended as therapy for appellant's psychological condition and not for his arthritis; the report contains no estimation of the extent of appellant's ability to barber.

█ Once evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged. Hall v. Celebrezze, 6th Cir. 1963, 314 F.2d 686, 688; Prevette v. Richardson, *supra*. In this case, however, Dr. Smith's summary covering the third hospitalization expressly withdraws any medical basis for finding appellant not disabled within the meaning of the Social Security Act. It reflected that appellant's "symptoms in re his arthritis are much worse" and concluded "it is doubtful that he will be able to work more than a few hours each day due to the arthritis in his hands, fingers and feet." Although appellant was advised to "work up to the point of tolerance," we do not believe these statements can be fairly construed as evidence that appellant could engage in substantial gainful activity; rather, they indicate inability to do so. As noted above, the testimony of all three witnesses would also indicate that appellant was disabled at the time of the third hospitalization.

Since we have found in the record no contrary evidence relating to the period after September 8, 1970, we conclude the Secretary's determination as to disability on and·after September 8, 1970, is not supported by substantial evidence and must be reversed and rendered.

Affirmed in part; reversed and rendered in part.

Costs are assessed against the Secretary.