**William J. GOODSON, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 78–1074.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 15, 1979.

Decided March 16, 1979.

Alan Wasserman, Coeur d'Alene, Idaho, for petitioner.

Arthur A. Arfa, Gen. Atty., Railroad Retirement Bd. with whom Dale G. Zimmerman, Gen. Counsel, and Edward S. Hintzke, Asst. Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., were on brief, for respondent.

Before LEVENTHAL and MacKINNON, Circuit Judges and OBERDORFER *, United States District Court Judge for the District of Columbia.

PER CURIAM:

This case comes before the court on appeal from a decision of the Railroad Retirement Board. We remand this case for further proceedings.

Appellant, a former laborer for the Union Pacific Railroad, is currently receiving an annuity under section 2(a)4 of the Railroad Retirement Act, 45 U.S.C. § 228b(a)4. In order to receive this annuity, appellant had to demonstrate that medical factors precluded continued performance of his regular occupation.

█ The issue is whether appellant is also entitled to a determination of a "period of disability" under section 3(e) of the Act, 45 U.S.C. § 228c(e), which would increase his benefits.[1] To qualify for these higher benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity."[2] The Board held that appellant failed to meet this standard.

Appellant suffers from a spinal condition that causes severe back and neck pain. To alleviate this pain, appellant must be placed in traction at least twice a day. The Board acknowledged that appellant's condition was painful, but stated that the pain was not so severe as to render appellant totally disabled. In reaching this decision, the Board relied on the testimony of several

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. At oral argument it was stated that if appellant qualified for the increased benefits he would receive an additional $200 a month. Appellant would also receive a lump sum payment of approximately $10,400 for back benefits due through December 31, 1978. In addition, by paying an eight dollar monthly premium, appellant would receive Medicare benefits even though he is under sixty-five.

2. Section 3(e) of the Railroad Retirement Act incorporates the definition of disability found in section 216 of the Social Security Act, 42 U.S.C. § 416. It is in section 216 of the Social Security Act that the "inability to engage in any substantial gainful activity" language can be found. Because of the reliance on the Social Security Act's definition of disability, many courts have relied on Social Security precedents in reviewing Railroad Retirement Act cases, e. g., Goodwin v. Railroad Retirement Board, 546 F.2d 1169, 1172 (5th Cir. 1977), and we shall do so here.

physicians, and stressed the diagnosis of appellant's personal physician, Dr. Shanks. The doctors concluded that appellant could perform sedentary work not requiring extensive bending from the neck, and on that basis the Board concluded that appellant was capable of performing substantial gainful employment.

■ Appellant's counsel has moved to supplement the record to introduce a letter from Dr. Shanks indicating that his conclusion that appellant was capable of performing sedentary work was premised on appellant's continued use of the traction therapy.[3] If appellant must be placed in traction several times a day, he clearly cannot work on a full time basis. "Ability to work only a few hours a day or to work on an intermittent basis is not ability to engage in a 'substantial gainful activity' . . ." *Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir. 1973). This is not to say that the Board must demonstrate that a claimant is capable of working an eight hour day, for under certain circumstances part time employment may constitute substantial gainful activity, e. g., *Wesley v. Secretary of Health, Education and Welfare*, 385 F.Supp. 863, 866 (D.C.D.C. 1974). But the Board must demonstrate that a claimant can engage in "(substantial services with reasonable regularity in some competitive employment . . ." *Rivas v. Weinberger, supra*, 475 F.2d at 258.

■ The court recognizes that the Board need not demonstrate the existence of particular jobs for which appellant would actually be hired, *Meneses v. Secretary of Health, Education and Welfare*, 143 U.S. App.D.C. 81, 84, 442 F.2d 803, 806 (1971). But once appellant demonstrated that he was unable to continue in his former occupation, the Board had the burden of showing the existence of work in the national economy for a person of appellant's age, education, work experience and physical disabilities, *id.* In appellant's case part of

his physical disability is the need to undergo traction several times a day. The Board must ascertain whether there is gainful activity available for a person of appellant's age and skill (or lack of it) who requires traction to the extent appellant requires it.

■ On the record before us, two matters are unclear. First, we are unable to determine whether the Board considered the continued need for the traction treatment in determining that appellant's pain did not preclude the performance of substantial gainful employment. Second, assuming the Board did consider the use of the traction in evaluating appellant's pain level, it is unclear whether the Board's decision that appellant was capable of engaging in substantial activity rested on a showing of the availability of part time employment.

The Board's opinion requires clarification. On further consideration, it has the latitude to decide that the supplement to the record[4] warrants a change in result. The Board's order is vacated and the case remanded for proceedings not inconsistent with the foregoing.

---

**3.** The motion is hereby granted. We note that appellant was not represented by counsel before the Board. The Board's counsel opposed the motion on the ground that the Board might reasonably find "that the traction could be applied before and after working hours." How-

ever, the Board did not focus on that point in its decision, and in our view granting the motion would be in the interest of justice.

**4.** See note 3, *supra*.