Eddie L. PEPPERS, Petitioner,

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 82–2397.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 1, 1983.

Decided Nov. 10, 1983.[*]

Opinion Feb. 28, 1984.

* This appeal was originally decided by an unpublished order on November 10, 1983 pursuant to Circuit Rule 35. The Court has subsequently decided to issue that decision as an opinion.

Louis H. Borgmann, Hammond, Cromer, Jackson & Borgmann, Indianapolis, Ind., for petitioner.

Dale G. Zimmerman, Gen. Counsel Railroad Retirement Bd., Chicago, Ill., for respondent.

Before CUMMINGS, Chief Judge, and PELL and BAUER, Circuit Judges.

PER CURIAM.

Appellant, Eddie Peppers, appeals from a determination by the Railroad Retirement Board ("Board") that he is not disabled. We affirm.

The appellant was injured in a motorcycle accident on August 31, 1978. As a result, appellant was unable to return to his former work as a "wagon driver" and filed a claim with the Railroad Retirement Board. Appellant had worked in the railroad industry for 120 months. Lacking the 20 years of railroad service needed to qualify for a disability annuity based on disability for work in his last railroad occupation, 45 U.S.C. § 231a(a)(1)(iv), appellant had to be rated under the stricter requirement that he be disabled from all work, 45 U.S.C. § 231a(a)(1)(v). The Board's Bureau of Retirement Claims denied the appellant's initial application and he appealed to the Board's Bureau of Hearings and Appeals. A hearing was conducted before an appeals

referee, who denied benefits. The Board sustained the referee's decision. The appellant now appeals from the Board's determination to this court under 45 U.S.C. § 231f(a).

■ Appellant first argues that because no employer, including Conrail—his former employer, will hire him, the Board erred in finding him able to work. Based on the similarity of the two statutes many courts have held that the same analysis applies to appeals brought under both the Railroad Retirement Act and the Social Security Act. *See, e.g., Goodwin v. Railroad Retirement Board,* 546 F.2d 1169, 1172 (5th Cir.1977); *Duncan v. Railroad Retirement Board,* 375 F.2d 915, 917 (4th Cir.1967). It is well settled that the Secretary of Health and Human Services ("HHS") need not demonstrate that specific jobs are currently available for a claimant, only that such jobs exist in the national economy. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1956–59, 76 L.Ed.2d 66 (1983). Similarly, there is no need for the Board to demonstrate the existence of particular jobs for which the appellant would actually be hired. *Goodson v. Railroad Retirement Board,* 595 F.2d 881, 883 (D.C.Cir.1979).

■ Second, the appellant argues that the Board erred because two examining physicians, Doctor Scott and Doctor French (both neurologists), determined that appellant was unable to work. However the Board concluded that these determinations were not supported by the medical evidence or the doctors' own examinations. The Board, like the Secretary of HHS in Social Security determinations, is not bound by a physician's conclusion as to disability, especially when not supported by specific clinical findings. *LeMaster v. Weinberger,* 533 F.2d 337, 340 (6th Cir.1976). *See also Cummins v. Schweiker,* 670 F.2d 81, 84 (7th Cir.1983).

The appellant testified before the appeals referee that he could no longer see properly on his "right hand side", and that his lips, left temple, and lower left leg had all been numb since his accident. The appellant stated that he could not write because his hands shook, and that he got dizzy and lost his balance whenever he tried walking more than 100 feet or standing for more than 10 minutes. He reported severe headaches, which were relieved when he sat down, but also testified that he could not sit for more than 10 minutes because of lower back pain.

■ Our standard of review is whether the decision of the Board is supported by "substantial evidence in the record." *Parker v. Railroad Retirement Board,* 441 F.2d 460, 464 (7th Cir.1971). The appellant was examined by two eye specialists and neither found his eyesight to be impaired. The Board relied in part on the medical findings of Doctor Scott and Doctor French, though it rejected their ultimate conclusions that appellant was disabled. Both doctors found the claimant's condition to be within normal limits. Palpation of the lower back revealed no lumbar muscle spasms which would provide objective support for appellant's claim of lower back pain. The Board concluded that the claimant's subjective reports of pain and difficulty in walking were not supported by medical evidence. Determinations of credibility are for the hearing officer. *Bibbs v. Secretary of Health, Education and Welfare,* 626 F.2d 526, 528 (7th Cir.1980).

■ The appellant argues that the appeals referee substituted her lay opinion for that of doctors, which is impermissible under *Kelly v. Railroad Retirement Board,* 625 F.2d 486 (3rd Cir.1980). We disagree. The referee merely balanced conflicting evidence as any factfinder must do, and found that the medical evidence against a finding of disability outweighed the showing that the claimant was disabled. It is not this court's task to resolve conflicts in the evidence. *Allen v. Weinburger,* 552 F.2d 781, 787 (7th Cir.1977).

■ In light of the medical evidence credited by the Board, a vocational expert

testified that there were sedentary and light jobs that the appellant could perform.[1]

We conclude that there is substantial evidence in the record to support the Board's determination that the appellant is not disabled from performing all work. Accordingly, the decision of the Railroad Retirement Board is

AFFIRMED.

1. Although the exam by Doctor Scott was given after the vocational expert's testimony, the Board concluded that the exam furnished no evidence of disability greater than that already in the record.