Albert L. BAIN

v.

Margaret HECKLER, Secretary of Health and Human Services.

Civ. No. 6–83–35.

United States District Court,
N.D. Texas,
San Angelo Division.

Oct. 18, 1984.

Vernon Lewis, West Texas Legal Services, San Angelo, Tex., for plaintiff.

Paulina M. Jacobo, Asst. U.S. Atty., Lubbock, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Plaintiff brings this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary denying her claim for disability benefits under Sections 216(i) and 223 of Title II of the Act, 42 U.S.C. § 416(i), 423. Both parties have moved for summary judgment. Local Rule 10.3(b). The Secretary contends that the administrative decision is supported by substantial evidence. After carefully reviewing the record, the briefs of the parties and the applicable law, the Court makes the following ruling:

## I. ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for disability benefits on February 20, 1976 alleging that he was disabled because of a fractured neck, a spinal fusion and a crushed shoulder blade. After a reconsideration decision, plaintiff was granted a period of disability commencing March 21, 1975. Thereafter, plaintiff's claim was reviewed and the Secretary determined that plaintiff's disability ceased as of June, 1982. A hearing was held before an administrative law judge (ALJ) in December, 1982 in which the ALJ found that plaintiff's impairments, as of June, 1982, did not significantly limit his ability to perform basic work-related functions, and did not constitute a severe impairment. The Appeals Council denied plaintiff's request for review, thus adopting the decision of the ALJ as the final decision of the Secretary.

On July 18, 1983, plaintiff filed this action, seeking judicial review of the Secretary's determination. The Secretary failed to file a timely answer despite being given extensions of time and being ordered to do so. On April 28, 1984, this Court ordered the Secretary to pay interim benefits to the plaintiff as a result of the inequitable delay. The Secretary served her answer on May 14, 1984.

## II. STATEMENT OF FACTS

The Court has reviewed the record filed in this case and adopts the summary of the administrative law judge (ALJ) as properly stating the facts except as hereinafter discussed below.

## III. APPLICABLE LAW

Section 423(d)(2)(A) of Title 42 provides: an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....

In reviewing a denial of Social Security benefits, this Court is statutorily limited to determine, based on the record as a whole, whether substantial evidence exists to support the Secretary's decision. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28

L.Ed.2d 842 (1979); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427; *Thomas v. Schweiker*, 666 F.2d 999, 1002 (5th Cir. 1982). The Court must bear in mind that it is within the discretion of the Secretary whether a person is disabled under the Social Security Act. 42 U.S.C. § 405(a); *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir.1980); *see Newborn v. Harris*, 602 F.2d 105, 107 (5th Cir.1979), and the Court must neither reweigh the evidence nor substitute its judgment for that of the Secretary. *Jones v. Heckler*, 702 F.2d at 620; *Anderson v. Schweiker*, 651 F.2d 306, 308 (5th Cir.1981). While subjective assessments of disability based on physicians' opinions, governmental and nongovernmental agencies' evaluations, and the claimant's own testimony concerning his pain and physical restrictions must be considered by the Secretary, they are not binding on him. 20 C.F.R. § 404.1504 (1984); *Kirkland v. Weinberger*, 480 F.2d 46, 49 (5th Cir.1973). It is within the discretion of the factfinder to determine the disabling nature of pain, *Jones v. Heckler*, 702 F.2d at 622, and a factual finding that the claimant is able to work despite some pain will be upheld if supported by substantial evidence. *Fortenberry v. Harris*, 612 F.2d at 950. Furthermore, if experts' opinions conflict, the Court may not disagree with the Secretary's judgment concerning which of the experts to believe. 20 C.F.R. §§ 404.- 1526–1527 (1984); *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir.1981).

■ In termination of disability benefit cases, a prior determination of disability is binding on all the parties and has a res judicata effect as to that record. *Buckley v. Heckler*, 739 F.2d 1047, 1048 (5th Cir. 1984); *see also*, 20 C.F.R. 416.1455 (1984). The Secretary, in reviewing a claimant's eligibility for benefits, may not overrule an earlier finding of disability without the submission of new evidence. Therefore, "once evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged." *Buckley*, 739 F.2d at 1049 (quoting *Weinberger v. Rivas*, 475 F.2d 255, 258 (5th Cir.1973). The Secretary is not required to prove by substantial evidence that the disability has ceased. *Id.* The Secretary need only offer evidence tending to rebut the presumption of continued disability. *Id.* The claimant will then be permitted to present additional evidence to show the existence of a continued disability. *Id.* A new determination of eligibility is then made by the ALJ. *Id.*

The Court is reminded again of its extremely limited scope of review in these cases. The Court is merely to determine if substantial evidence exists in the record to support the Secretary's decision. *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427; *Jones v. Heckler*, 702 F.2d at 620.

## IV. ISSUE

Plaintiff asserts that the Secretary's decision that Plaintiff is no longer disabled is not supported by substantial evidence. Specifically, Plaintiff presents three issues; (1) that the Secretary applied an improper legal standard in terminating plaintiff's disability benefits without evidence of improvement; (2) that the Secretary applied an improper legal standard in evaluating plaintiff's subjective complaints; and (3) that the Secretary misinterpreted the medical records. The Court finds it necessary to only address the first issue and saves for another day issues two and three.

## V. DISCUSSION

■ Plaintiff is entitled to a presumption of continuing disability based upon the Secretary's determination of disability in 1976. Therefore, the Secretary was required to present new evidence that either plaintiff's condition improved or that it was not as serious as originally thought. *See Buckley*, 739 F.2d at 1049. The Secretary did come forward with new evidence regarding plaintiff's condition upon which the ALJ

based his decision of no disability. However, when the plaintiff pointed out that the evidence does not show improvement in plaintiff's condition, the ALJ expressly refused to consider whether plaintiff's condition had improved (Tr. 40–41). The ALJ stated that a showing of improvement is not required: "(T)he Administration's view is that the person is not disabled at the time of cessation and that is all that is needed." (Tr. 41). Furthermore, the ALJ's decision made no mention of improvement nor of the evidence which formed the basis of the prior disability determination. The ALJ only considered the recent medical reports in finding that the plaintiff is not disabled as of June, 1982.

Accordingly, the Court remands the case to the Secretary for a hearing consistent with the standard of review for terminating disability benefits as enunciated in *Buckley v. Heckler.* The Secretary will consider evidence on the existence of plaintiff's improved condition taking into account the binding effect of a prior determination of disability.