**James L. STITH, Petitioner,**

v.

**The UNITED STATES of America RAILROAD RETIREMENT BOARD, Respondent.**

No. 89–1028.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1989.

Decided May 29, 1990.

**1285**

Beautrice Ezerski, Steven A. Bartholow, Edward S. Hintzke, Michael C. Litt, Railroad Retirement Bd., Bureau of Law, Chicago, Ill., for respondent.

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

Petitioner James L. Stith appeals the decision of the United States Railroad Retirement Board ("Board") denying his application for a disability annuity pursuant to Section 2(a)(1)(v) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231a(a)(1)(v). We affirm.

I.

Stith was employed by the Burlington Northern Railroad from December 16, 1967, to June 1, 1983. On August 28, 1981, he injured his back while lifting a large carton and worked only on an intermittent basis thereafter due to severe pain in his middle and lower back. On January 30, 1984, Stith filed an application with the Board, claiming that he was entitled to an employee disability annuity because he was unable to return to his former job with the railroad or engage in any other regular employment as a result of his back injury. The Board's Bureau of Retirement Claims denied Stith's application, and he appealed to the Board's Bureau of Hearings and Appeals.

At a hearing conducted before an appeals referee, Stith testified that he experienced pain when he was forced to sit or stand in the same position for ninety minutes or more due to his injury. He further stated that he could not lift more than ten pounds or perform repeated pushing, pulling, bending or stooping, thus limiting his ability to secure gainful employment. The appeals referee, in a decision dated October 18, 1985, found that, despite his injury, Stith had the functional capacity to perform sedentary work not involving sitting for periods longer than ninety minutes, lifting more than ten pounds, or performing repeated pushing, pulling, bending or

Carl W. Telford, Scott R. Guido, LaSalle, Ill., for petitioner.

stooping. Further, the referee adopted the findings of a vocational consultant, who stated that there were numerous jobs in the national economy available to persons with Stith's physical limitations. Accordingly, the referee sustained the denial of Stith's application under 45 U.S.C. § 231a(a)(1)(v), which provides annuities only to those applicants who are unable to engage in any regular employment. On May 2, 1986, a majority of the Board affirmed the appeals referee's decision.

Stith filed a petition for judicial review of the Board's decision. On August 11, 1987, 828 F.2d 21, this court issued an unpublished order holding that substantial evidence supported the appeals referee's finding that Stith, despite his physical limitations, could perform regular work available in the national economy. However, we remanded Stith's case to the Board for further factual findings because the referee failed to determine whether full-time employment would require Stith to take the pain killer Tylox, a narcotic drug prescribed to alleviate Stith's back pain, at an addictive level.

On remand, the Board assigned the case to the Director of the Bureau of Hearings and Appeals, who conducted a hearing on June 24, 1988, to consider whether full-time work would require Stith to take Tylox at addictive levels. Stith testified about his past and present levels of activity and his use of the drug Tylox to relieve pain. Specifically, Stith testified that his use of Tylox had increased during recent years due to his enrollment in classes at Florida Christian College. Stith stated that he drove forty miles each way, three times per week, to attend classes. Stith's course load consisted of three one-hour classes per day, requiring him to sit for approximately fifty minutes at one time, with intervening ten minute breaks during which he could walk or lie down. Stith also stated that, outside of school, he engaged in various church activities, including attending weekly church services and Sunday school, bible study and monthly fellowship dinners. According to Stith, this level of activity required him to use Tylox approximately twelve times per week.

At the hearing, the Director also received into evidence the medical reports of Dr. Miles Sharpe, Dr. L.R. Baumgartner and Dr. Joseph Cichon. Dr. Sharpe and Dr. Baumgartner had treated Stith for his back condition during the three years preceding the hearing. Both physicians stated in their reports that Stith was not addicted to Tylox at the present time. In addition, Dr. Sharpe reported that Stith suffered from severe back pain primarily after engaging in strenuous physical activity, such as lifting chairs, moving tree limbs, playing with children or walking for extended periods of time. On the other hand, Dr. Cichon, who at the request of Stith's attorney examined him in preparation for the hearing, opined that if Stith engaged in the sedentary employment activities suggested by the vocational consultant, he would be required to take an addictive level of Tylox.

On July 22, 1988, the Director issued a decision finding that Stith could engage in sedentary employment without becoming addicted to Tylox and recommended that the Board adhere to its original denial of Stith's application for disability benefits. Specifically, the Director found that Stith's current church and school activities were not inconsistent with an ability to perform sedentary work in which he could periodically move around and that Stith's occasions of increased back pain were the result of strenuous activities unrelated to those associated with the anticipated sedentary employment. The Director thus concluded that Stith would not need to increase his current, non-addictive dosage of Tylox in order to engage in such work. In reaching this conclusion, the Director expressly rejected Dr. Cichon's opinion that this level of work would result in Stith's addiction to the drug, crediting instead the opinions of Stith's treating physicians, Dr. Sharpe and Dr. Baumgartner. On October 25, 1988, a majority of the Board adopted the Director's findings and denied Stith's application for a disability annuity.

Stith again petitions this court for judicial review of the Board's decision to deny his application, arguing that the determination that he can engage in sedentary em-

ployment without taking addictive levels of Tylox is not supported by substantial evidence in the record. Stith also challenges the Director's rejection of Dr. Cichon's findings that sedentary employment would require Stith to take a dosage of Tylox that would, in all probability, result in addiction, arguing that these findings were uncontroverted and, thus, were conclusive on this issue.

## II.

45 U.S.C. § 231a(a)(1)(v) provides that railroad employees are entitled to disability annuities "if they shall have completed ten years of service and shall have filed application for annuities" and their "permanent physical or mental condition is such that they are unable to engage in any regular employment."[1] The regulations promulgated by the Board define the term "permanent physical or mental condition" as "a physical or mental condition that can be expected to result in death or has lasted, or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 208.10(a). It is undisputed that Stith had met the preliminary requirements of completing ten years of service with the railroad and filing a proper application. The only requirement in dispute is whether the physical limitations resulting from Stith's back injury—namely, his inability to sit or stand in one position for periods in excess of ninety minutes, lift more than ten pounds, or perform repeated pushing, pulling, bending or stooping motions—rendered him "unable to engage in any regular employment."[2] As noted above, we held in our previous consideration of Stith's application that there was substantial evidence to support the Board's determination that numerous sedentary jobs accommodating Stith's physical limitations exist in the national economy. Our primary concern was whether engaging in regular employment would require Stith to take a dosage of Tylox that might reasonably be expected to cause addiction. It is well settled that, if a claimant's physical or mental condition can be remedied by treatment, he will not be found to be disabled. 20 C.F.R. § 404.1530; *Cassiday v. Schweiker*, 663 F.2d 745, 750 (7th Cir.1981). However, an adequate risk of addiction justifies a claimant's not taking enough pain medication to enable him to perform regular work. *See Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir.1986).

On appeal, Stith does not contend that he cannot engage in regular employment. Rather, he claims that full-time employment will cause pain in his back to the extent that he will be required to ingest an addictive level of Tylox. The Board, on the other hand, argues that the Director, whose findings were adopted by the Board in denying Stith's application, properly determined that Stith could engage in sedentary employment without becoming addicted to Tylox. We review this conclusion to determine whether the Board's decision is supported by "substantial evidence in the record." *Peppers v. Railroad Retirement Board*, 728 F.2d 404, 406 (7th Cir.1983). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richard-*

---

**1.** Disability annuities are also available under 45 U.S.C. § 231a(a)(1)(iv) for

"individuals who have a current connection with the railroad industry, whose permanent physical or mental condition is such as to be disabling for work in their regular occupation, and who (A) have completed twenty years of service or (B) have attained the age of sixty...."

Because Stith was not sixty years old, nor had he been employed with the railroad for twenty years, he was eligible for a disability annuity only under section 231a(a)(1)(v).

**2.** Although never making a specific finding on the question, the Board does not dispute the fact that Stith's back condition has lasted for a period in excess of twelve months. What the Board does dispute is whether Stith's back condition rendered him "unable to engage in any regular employment." This is the relevant inquiry regarding entitlement to disability annuities under 45 U.S.C. § 231a(a)(1)(v). Thus, Stith's contention that the Board's denial of his application must be reversed for failure to find that his condition lasted longer than twelve months is without merit. An explicit finding on the duration of Stith's condition was unnecessary in light of the Board's finding that his condition did not render him unable to engage in any regular employment.

*son v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

As an initial matter, we must determine whether substantial evidence supports the Director's conclusion that Stith's ability to engage in his current level of school and church activities is consistent with an ability to perform regular sedentary work. At the initial hearing conducted on Stith's application, Stith stated that he could sit or stand in the same position for up to ninety minutes. At the hearing on remand, Stith testified that he drove eighty miles, three days per week, to attend classes at Florida Christian College and that, on each day, he sat through three fifty-minute classes with intervening breaks of at least ten minutes. Stith also stated that he participated in various activities at his church on a weekly basis. Obviously, these activities are indicative of an ability to perform sedentary work. *See Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir.1986) (holding that a disability claimant's capacity to drive a car short distances, walk four or five blocks per day, stand for thirty minutes and sit for ninety minutes supported a conclusion that the claimant was capable of performing sedentary work). Moreover, the medical report of Dr. Sharpe, one of Stith's treating physicians, stated that Stith's occasions of increased back pain were associated with strenuous activities such as lifting chairs, moving tree limbs and playing with children. These activities are inconsistent with the sedentary type of work contemplated by the Board. *See* 20 C.F.R. § 404.1567(a).[3] Thus, we hold that substantial evidence in the record supports the Director's determination that Stith's ability to engage in his current church and school activities is consistent with an ability to perform sedentary work.

We next consider whether the Director's determination that engaging in regular sedentary employment will not require Stith to take an addictive dosage of Tylox. At the June 24, 1988, hearing Stith stated that his present church and school activities required him to take Tylox approximately twelve times per week. The physicians who submitted reports at the hearing uniformly agreed that Stith was not addicted to Tylox at that time. However, Dr. Cichon, the physician who examined Stith for the hearing at the request of his attorney, stated that increased activity might cause Stith to become addicted to Tylox. Having determined that the sedentary employment described and considered by the vocational consultant would not require a substantially increased level of activity, the Director rejected Dr. Cichon's opinion in light of the fact that he was not one of Stith's treating physicians, but was retained specifically for the disability hearings. Stith argues that the Director improperly rejected Dr. Cichon's opinion and substituted his own opinion regarding Stith's ability to perform sedentary work. We disagree. As discussed, *supra*, the Director's finding that Stith's ability to engage in his current school and church activities are consistent with the capacity to perform sedentary work is supported by substantial evidence. In addition, the reports of Stith's two treating physicians, Dr. Baumgartner and Dr. Sharpe, support the Director's finding that the levels of activity associated with the contemplated employment should not lead to pain necessitating addictive dosages of Tylox. It is well established that the opinions of treating physicians are to be given substantial weight in determining whether a claimant is disabled. *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir.1986). In rejecting Dr. Cichon's opinion, the Director was merely resolving conflicts in the evidence, which is the express function of a factfinder. *See Peppers*, 728 F.2d at 406. As we have stated on previous occasions, we again emphasize that "[i]t is not this court's task to resolve conflicts in the evi-

---

**3.** 20 C.F.R. § 404.1567(a) defines sedentary work as follows:

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

dence." *Id.; Allen v. Weinberger,* 552 F.2d 781, 787 (7th Cir.1977). Thus, we conclude that the Director was entitled to reject Dr. Cichon's opinion and hold that the determination that Stith can engage in sedentary employment without taking Tylox at an addictive level is supported by substantial evidence.

### III.

Our review of the record convinces us that substantial evidence supports the Board's conclusions that Stith's back condition does not prevent him from engaging in regular sedentary employment. The sedentary type of employment available in the national economy, as described by the vocational consultant at the initial hearing, should not, according to the findings of Stith's treating physicians, require him to take Tylox at levels which will cause him to become addicted to the drug. Thus, the Board's decision denying Stith's application for a disability annuity is

AFFIRMED.