919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donnie G. MEDSKER, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 89-3296.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1990.*
Decided Dec. 10, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Donnie Medsker applied for disability benefits on February 20, 1986, claiming to be totally disabled due to a heart attack on September 11, 1983. After an initial denial of benefits, a hearing was held before an Appeals Referee on February 29, 1988. The referee denied benefits, and this decision was affirmed on appeal to the Railroad Retirement Board. Medsker now appeals to this court.
 
 I.
 
 2
 In 1983, when Medsker was 37 years old, he suffered a mild heart attack and was admitted to the hospital. Test results showed a return to generally normal heart functioning, and Medsker was placed on heart medication. Since 1983, Medsker has been regularly tested and treated by a number of different physicians and cardiologists. Angiograms revealed that Medsker's left anterior descending artery is completely clogged. Two attempts to open the artery via catheter angioplasties were unsuccessful due to the rigidity of the blockage. It appears that bypass surgery could rectify Medsker's condition, but he has thus far declined this treatment. Except for gaining approximately 35 pounds since his heart attack, Medsker's physical condition has not changed dramatically. His heart tests are generally in the normal range, and the lack of blood flow from the clogged artery has been compensated for (or "collateralized") by increased blood flow from the remaining unclogged arteries. None of the doctors have reported that there is evidence of permanent muscle damage to the heart itself. Medsker continues with comprehensive pharmaceutical treatment.
 
 
 3
 The referee found that Medsker's previous employment as a heavy machinery operator and general laborer with the railroad was precluded by his physical condition. According to the referee, however, Medsker retained the residual functional capacity for sedentary work. The referee compared the extensive medical evidence with Medsker's own testimony regarding recurring chest pain, dizziness and shortness of breath, and concluded that his claimed physical restrictions were unsubstantiated.
 
 II.
 
 4
 Medsker appeals the denial of benefits on the ground that the referee's decision was not supported by the weight of the evidence. As we have noted on numerous occasions, we analyze Railroad Retirement Board cases under the same standards as Social Security cases. See Peppers v. Railroad Retirement Board, 728 F.2d 404, 406 (7th Cir.1983) (per curiam). We thus uphold the decisions of the factfinder, in this case the referee, if his or her findings are supported by substantial evidence in the record. Id. "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Steward v. Bowen, 858 F.2d 1295, 1297 (7th Cir.1988) (quoting Richardson v. Perales, 402 U.S. 389 (1971)). "It is not this court's task to resolve conflicts in the evidence," Peppers, 728 F.2d at 406, rather, the referee must weigh the evidence and credit one version of the facts over another.
 
 
 5
 Medsker places particular emphasis on Dr. Steve Macke's conclusion that he is "100% disabled for all types of work." Medsker contends that Macke's conclusion is entitled to special weight since Macke was Medsker's long-time family doctor. Yet Medsker later argues that the referee should not have placed any weight on Macke's conclusion (in the same medical report) that Medsker's ability to sit is unimpaired. The referee used this latter diagnosis to support his conclusion that Medsker retained the ability to perform sedentary work. Medsker can't have it both ways: if Macke's analysis of Medsker's ability to sit is suspect, then his conclusion that Medsker is unable to work cannot be accorded much credence. Alternatively, the referee could have credited Macke's conclusion regarding Medsker's sedentary ability but doubted the accuracy of Macke's diagnosis as to 100% disability, given Macke's lack of expertise in cardiology and his status as Medsker's treating physician. Cf. DeFrancesco v. Bowen, 867 F.2d 1040, 1043 (7th Cir.1989) (noting our often-repeated observation that treating physician may occasionally "go the extra step in helping patients obtain benefits for a medical condition").
 
 
 6
 Moreover, the referee in this case did not base the denial of benefits solely on Macke's conclusion that Medsker was able to sit. The referee analyzed the extensive medical reports and found that objective medical evidence showed little change in Medsker's heart condition since his mild heart attack in 1983. Medsker's chest pains are mild and have not increased in severity or frequency, his lungs have always tested clear, his heart has not become enlarged, his heartbeat has always been regular without trace of murmurs, gallops, or arrythmia, his electrocardiograms have always demonstrated results within the normal range with only slight or minor variations, and the results of his angiograms have remained relatively constant over time. In addition, Medsker's testimony about his daily activities belies his claim that he is unable to sit for extended periods of time. Medsker spends the vast majority of his day sitting in front of his television set. He also testified that his ability to drive a car is unaffected by his heart condition, and that none of his numerous doctors has suggested that restrictions be placed on his driver's license due to his medical condition.
 
 
 7
 In sum, the referee's decision was based on substantial evidence in the record as that phrase has come to be defined. Accordingly, the decision of the Railroad Retirement Board denying the petitioner disability benefits is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs