27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sam MOORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1634.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1994.
 
 Before: GUY and NELSON, Circuit Judges; and QUIST, District Judge[1]
 PER CURIAM.
 
 
 1
 Sam Moore appeals a district court judgment affirming the denial of disability insurance benefits by the Secretary of Health and Human Services. Moore maintains that he is entitled to benefits because his age, a work-related knee injury, arthritis, diabetes, back pain, and other medical problems, make him incapable of performing anything more than sedentary work.
 
 I.
 
 2
 Moore made three claims for disability benefits. He first applied in August 1980, alleging that he was disabled by a work-related knee injury he sustained in 1977. On March 4, 1982, an Administrative Law Judge (ALJ) denied his application, finding that, although Moore was disabled from his previous employment, he could perform a significant number of sedentary jobs identified by the vocational expert.
 
 
 3
 Moore filed his second application for benefits in July 1983, alleging disability due to arthritis and diabetes in addition to the knee impairment. An ALJ denied the second application on April 16, 1984, on the grounds that Moore was capable of performing "light work." Moore appealed to the Appeals Council and then sought judicial review. The District Court for the Eastern District of Michigan affirmed the ALJ's determination. The district court's decision was not appealed.
 
 
 4
 Moore filed his third application for benefits on September 11, 1985. Following a hearing, the ALJ determined on August 29, 1991, that Moore could only seek disability benefits for the period from April 17, 1984, when the second ALJ opinion was rendered, through December 31, 1984, when Moore's insured status ended. The ALJ also found that Moore was not entitled to benefits because he retained the residual functional capacity to perform a limited amount of "light work" during that period. The Appeals Council denied Moore's request for review on January 29, 1992, and he commenced a civil action in the United States District Court for the Eastern District of Michigan. On March 19, 1993, the District Judge affirmed the Report and Recommendation of the Magistrate, granting the Secretary's motion for summary judgment.
 
 II.
 
 5
 On appeal to this Court, Moore does not dispute that the time period for which he can claim benefits is limited to April 17, 1984, through December 31, 1984. Moore contends that the ALJ committed reversible error by discounting his credibility and finding that he could perform "light work." Moore also argues that the ALJ committed reversible error by not following the decision of the ALJ who decided his first claim. That ALJ found only that Moore had the ability to perform sedentary work.
 
 III.
 
 6
 Judicial review is limited to determining whether the ALJ applied the correct legal standards in reaching his or her decision and whether there is substantial evidence in the record to support the findings. 42 U.S.C. Sec. 405(g); Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989). "We do not review the evidence de novo, make credibility determinations nor weigh the evidence." Brainard, 889 F.2d at 681. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, (1971). The court's scope of review in considering whether substantial evidence supports the ALJ's decision is narrow. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir.1989). The court must affirm the ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even though some evidence may also support the claimant's allegations. 42 U.S.C. Sec. 405(g); Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453, n. 4 (6th Cir.1986).
 
 
 7
 The ALJ concluded that Moore was capable, in the period from April 17, 1984 through December 31, 1984, of performing "light work," which is defined as follows:
 
 
 8
 Lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
 
 
 9
 20 C.F.R. Sec. 404.1567(b). The ALJ stated that, although Moore was not capable of returning to his prior work, he "was capable of sitting, standing and walking up to four hours at a time in an eight-hour workday and could lift up to 20 pounds." The ALJ explained:
 
 
 10
 The claimant, considering his impairments during the period in question, had the residual functional capacity for the full range of light exertional work only reduced by his inability to stand more than four hours out of an eight-hour workday. The claimant was not a credible witness with regard to how he felt six and a half years ago and, even at that time, tended to exaggerate his complaints. His subjective complaints have been evaluated under Social Security Ruling 88-13 and were found not very reliable.
 
 
 11
 (R. 15) At the relevant time, Moore was 54 years old, which is defined as approaching advanced age. 20 CFR 404.1563. His education was limited. Considering all of these factors and the finding that Moore was capable of performing a limited range of light work, the ALJ concluded that there were "a significant number of jobs in the national economy which he could perform" and that he was not disabled. (R. 17-18)
 
 
 12
 If the ALJ had found Moore capable only of sedentary work, he would have been classified as disabled under Pt. 404, Subpt. P, App. 2, Rule 201, due to his age. Moore would also have been classified as disabled if he was deemed capable of light work but had been a year older. Id., Rule 202.
 
 
 13
 The ALJ was in the difficult position of having to focus on a nine month period of time six years before the hearing at which Moore testified. In his testimony Moore was repeatedly confused by the time frame of questions and unable to answer the questions in terms of the past. The ALJ considered the medical records from the relevant time period in 1984 and considered prior and subsequent records as they reflected on Moore's condition at that time. These records do not contradict the ALJ's conclusion but neither do they support it. None of the records state that Moore was unable to lift up to 20 pounds, walk short distances, or stand or sit for extended periods of time. There is some evidence that some of the medical conditions Moore claims disabled him in 1984 were not manifest until after the relevant time period. The first evidence of emotional illness dates from 1985. Moreover, Dr. Colman, who gave Moore a psychiatric evaluation in 1986, stated that Moore had "some tendency to exaggerate his symptoms." (R. 356).
 
 
 14
 The vocational expert, Dr. Caknipe, testified that for a person with the age, education, and work experience of Moore, the ability to lift 20 pounds, and the need for a work environment in which he could alternate positions between sitting and standing, would not have to stand for long periods, walk any distances, stoop or squat, would have to bend only occasionally, and would be able to work with his arms shoulder level or below, there were jobs available in the local economy that would be classified "sedentary" or "light work."
 
 
 15
 Moore argues that there is no substantial evidence to support the ALJ's determination that Moore could lift 20 pounds and that the court erred in disregarding the contrary evidence presented by Moore's testimony that he could not carry groceries at that time. Moore argues that the ALJ erred in discounting his credibility and thereby deeming him capable of light work. According to Moore, his long work history prior to his knee injury establishes his credibility. One could also argue, however, that his failure to obtain sedentary work after his knee injury undermines his credibility.
 
 
 16
 The question and answer about carrying groceries does not distinguish Moore's problems with mobility from any difficulty in lifting weights. In addition to the testimony that he could not carry groceries, Moore testified that he had no opinion, looking back to 1984, as to what would be the heaviest thing he could lift at that time.
 
 
 17
 The Secretary argues that Moore has the burden of proof to establish his residual functional capacity. The case the Secretary cites, however, supports the rule that the burden of proof shifts to the Secretary once a claimant has proved the inability to perform his or her previous work. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).
 
 
 18
 Yet in the instant case, it is proper to place the burden on Moore to prove his inability to lift up to 20 pounds. In the disability determination of April 16, 1984, which immediately preceded the one at issue, the ALJ found that Moore had the ability to lift 20 pounds. This finding established a residual functional capacity that Moore had to disprove to obtain a change in classification. A previous disability determination is presumed to be valid unless evidence to the contrary is produced. Haynes v. Secretary of Health and Human Serv's, 734 F.2d 284, 288 (6th Cir.1984); Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir.1982); Rivas v. Weinberger, 475 F.2d 255, 258 (5th Cir.1973); Hall v. Celebrezze, 314 F.2d 686, 688 (6th Cir.1963). Each of these cases concerns a change in benefits sought by the Secretary, but the reasoning applies as well to a change in classification sought by a claimant.
 
 
 19
 Given the deference that this Court must accord to the Secretary's credibility determinations, Hardaway v. Secretary of Health and Human Serv's, 823 F.2d 922, 928 (6th Cir.1987), and the lack of any medical evidence that Moore could not lift 20 pounds, the Secretary did not err in finding that Moore was capable of performing "light work."
 
 
 20
 Moore's second appellate argument is that the ALJ was precluded from finding that he had the residual functional capacity to perform light work because the ALJ, who decided Moore's first disability claim on March 4, 1982, determined that Moore had the capacity to only perform sedentary work. The first ALJ determination did not, however, include any finding as to Moore's maximum residual capacity. The ALJ merely stated: "Claimant has retained the capacity to engage in the significant number of sedentary jobs described by the vocational expert." (R. 189) A previous finding of residual capacity supports issue preclusion only if the decision included a finding on claimant's maximum residual capacity. Gray v. Secretary of Health and Human Serv's, No. 92-3561, 1993 WL 100065 at * 2 (6th Cir. Apr. 5, 1993).
 
 
 21
 Moore's issue preclusion argument fails for two additional reasons. First, he did not raise it in his objections to the Report and Recommendation of the Magistrate Judge. Second, there was an ALJ determination of Moore's residual capacity after the March 4, 1982, decision. The second ALJ decision, issued on April 16, 1984, included the finding that "Claimant has the capacity to engage in the significant number of light local jobs described by the vocational expert." This intervening determination wipes out any claim that the first finding is preclusive.
 
 IV.
 
 22
 For the reasons stated, the decision of the District Court is AFFIRMED.
 
 
 
 [1]
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation