**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GAYLE J. PANNELL,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,     *

Defendant-Appellee.

No. 97-7063
(D.C. No. 95-CV-163)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** **

---

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

*        Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security.    See Pub. L. No. 103-296.  Although the Commissioner has been
substituted for the Secretary in the caption, in the text we refer to the Secretary
because she was the appropriate party at the time of the underlying decision.

**        This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's affirmance of the Secretary's determination that she is not disabled and, therefore, is not entitled to disability benefits. On appeal, plaintiff's arguments all concern whether the Secretary erred in concluding she could perform a full range of unskilled sedentary work. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

Plaintiff injured her back at work. After several months, she had surgery, and her condition improved substantially. Subsequently, she was involved in an automobile accident and had increased low back and leg pain. In applying for disability benefits, plaintiff alleged disability due to back pain and loss of strength. The administrative law judge (ALJ) determined at the fifth step of the applicable five-step sequential evaluation process, see 20 C.F.R. § 404.1520, and after placing the burden of proof on the Secretary, see Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir. 1993), that plaintiff had the residual functional capacity (RFC) to perform a full range of unskilled sedentary work. The ALJ therefore concluded plaintiff is not disabled. After accepting and considering

-2-

additional medical evidence not before the ALJ, the Appeals Council denied review.  Plaintiff sought judicial review, and the district court affirmed.  This appeal followed.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the administrative record viewed as a whole and whether correct legal standards were applied.        See Castellano v. Secretary of Health & Human Servs.    , 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, plaintiff first contends that because the ALJ's findings regarding her credibility and pain were not linked to specific supportive evidence the ALJ's findings cannot be accepted.  The ALJ found that plaintiff's complaints of pain were not credible based on the objective findings of treating and examining doctors, her lack of frequent treatments for pain, her failure to take medication for severe pain, and her failure to exhibit discomfort at the hearing. See II Appellant's App. at 23.

We conclude the ALJ sufficiently set forth reasons, supported by evidence in the record, for his credibility determination.  Dr. Schoenhals stated that plaintiff had twenty per cent permanent impairment "based on internal derangement of one lumbar disk as well as predicted loss in range of motion as well as residual pain."    Id. at 143.  Plaintiff does not dispute that she did not

exhibit discomfort at the hearing. The record indicates that plaintiff pursued some medical treatment, but did not take medication for severe pain.

Plaintiff contends the ALJ improperly implicitly rejected her testimony that she refused to take prescribed pain medication due to fear of addiction, and, instead, drank three to six beers a day to control her pain. Plaintiff testified that she only takes pain medication when her pain is very bad, because she does not want to become addicted to pain pills. See id. at 51-52. To relieve pain, she stated that she drinks beer, and may drink as many as six beers a day. See id. at 52, 57. Plaintiff admitted that she has never been addicted to pain medication, but fears addiction. See id. at 57-58. There is no indication in the record of plaintiff's addiction to pain medication or alleged side effects from such medication other than her statements. Cf. Saleem v. Chater, 86 F.3d 176, 178-80 (10th Cir. 1996) (consulting examiners opined plaintiff was addicted to medication and medical evidence clearly indicated plaintiff was addicted); Dray v. Railroad Retirement Bd., 10 F.3d 1306, 1313 (7th Cir. 1993) (determining plaintiff was justified in not taking adequate pain medication if realistic chance of addiction); Stith v. United States R.R. Retirement Bd., 902 F.2d 1284, 1287 (7th Cir. 1990) ("[A]n adequate risk of addiction justifies claimant's not taking enough pain medication to enable him to perform regular work."). Nothing

-4-

indicates that she discussed medication addiction or side effects with any of her doctors. We conclude the ALJ properly rejected her testimony.

Next, plaintiff argues that the ALJ erred in determining she could perform the prolonged sitting required of sedentary work. Because there was no testimony or medical evidence from an examining doctor supporting the determination, plaintiff believes the ALJ substituted his own opinion for medical evidence. We disagree. The ALJ determined plaintiff's alleged sitting limitation was not supported by objective evidence, because the myelogram and CT scan were negative and therefore cannot support a limitation on sitting. Also, the ALJ determined that the results of straight leg testing and the minimal restriction on her range of motion of the lumbar spine were consistent with a seated position. Thus, the ALJ did not substitute his opinion for the medical evidence.

Plaintiff further argues that the ALJ did not properly place the burden on the Secretary until after making findings regarding her RFC. Plaintiff contends the absence of conclusive medical evidence cannot meet the Secretary's step five burden. See Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (determining absence of conclusive medical evidence cannot meet step five burden even if plaintiff found not credible because reliance on paucity of medical evidence shifts burden back to plaintiff). Because the medical evidence indicated plaintiff could

do prolonged sitting, we conclude the ALJ did not improperly place the burden of proof on plaintiff.

Finally, plaintiff argues the district court erred in relying on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 (grids) because the Secretary failed to prove she retained the capacity to perform the demands of a majority of unskilled sedentary jobs. Rather, plaintiff believes the ALJ should have obtained testimony of a vocational expert to determine whether she could work despite her impairments. Because plaintiff's non-exertional impairments did not restrict her from performing the full range of sedentary work, we conclude the ALJ properly relied on the grids. See Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

-6-